MARGARET GOULD vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 16, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.   Street Railway.   Evidence,* Circumstantial.

In an action against a street railway company by one who while a passenger in an open car of the defendant received injuries from the back of the seat in front of her falling upon her knee in consequence of the breaking of one of the metallic arms supporting it, the testimony of persons who examined the break after the accident, that half of the break was bright, and the other half was rusty, black, dull and corroded, warrants a finding that the metallic arm was cracked before the accident and that the crack would have been seen upon inspection, and is evidence of the defendant's negligence.

TORT for personal injuries incurred while the plaintiff was a passenger in an open car of the defendant from the breaking of a seat arm which caused the back of the seat in front of the plaintiff to fall on her knee.   Writ dated August 31, 1903.

At the trial in the Superior Court before *Sherman,* J. the defendant at the close of the evidence asked the judge to rule that there was no evidence of any defect which could have been discovered by the most careful inspection, and that on all the evidence the verdict must be for the defendant.

The judge refused to make these rulings and submitted the case to the jury together with the question " Was there a crack or opening in the seat arm which could have been seen or observed, prior to the accident? "   The jury answered " Yes," and returned a verdict for the plaintiff in the sum of $1,437.50. By agreement of the parties the judge reported the case for determination by this court.   If the ruling of the judge was right, judgment was to be entered upon the verdict; but if a verdict for the defendant should have been ordered, judgment was to be entered for the defendant.

*S. H. E. Freund,* (*R. G. Dodge* with him,) for the defendant.

*J. A. McCaig & J. S. Lynch,* for the plaintiff, were not called upon.

LORING, J.   The plaintiff was a passenger in an open car of the defendant railway.   She was injured by the back of the seat

in front of 'her falling on her knee. The fall of the back of the seat was caused by the breaking of the metallic armature (an inch and a quarter thick), by which it was attached to the post on the side of the car.

The plaintiff's witnesses testified that after the accident they examined the break, and half of it was bright and the other half was "rusty," "black," "dull," and "corroded." In our opinion this evidence warranted a finding that the arm was cracked before the accident. We are also of opinion that if it was cracked as the testimony indicated, the jury were warranted in finding that the crack would have been seen on inspection. The case of *Harnois* v. *Cutting*, 174 Mass. 398, relied on by the defendant, was the case of a flaw, not of a crack.

*Judgment on the verdict.*