GEORGE E. DUDLEY *vs.* CHARLES B. KINGSBURY.

Hampden.    February 24, 1908. — June 15, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Automobile.*

In an action by a conductor of an open street railway car for personal injuries from a collision with an automobile delivery van owned and driven by the defendant, if it appears that when the collision occurred the plaintiff was on the running board of his car collecting fares from the passengers, and that the defendant's automobile was disabled and without motive power and had moved very slowly from a sidewalk toward the tracks of the street railway as the car on which the plaintiff was conductor was approaching, the question whether the plaintiff should have seen and guarded against the danger of a collision and should have exercised more supervision over the motorman or whether taking all the circumstances into account he was in the exercise of due care is for the jury.

In an action by a conductor of an open street car for personal injuries from a collision with an automobile delivery van owned and driven by the defendant, where it appeared that when the collision occurred the plaintiff was on the running board of his car collecting fares from the passengers, and that the defendant's automobile was disabled and without motive power and had moved very slowly from a sidewalk toward the tracks of the street railway as the car on which the plaintiff was a conductor was approaching, it was *held,* that, assuming. in the defendant's favor that if negligence of the motorman caused or contributed to the collision the plaintiff could not recover, the questions whether on the facts shown by the evidence the motorman should have discovered the plight of the defendant's automobile before he did and whether he exercised proper care in the way in which he operated the car after he did discover it were for the jury.

In an action by a conductor of an open street railway car for personal injuries from a collision with an automobile delivery van owned and driven by the defendant, it appeared that the defendant had attempted to turn his automobile from one street into another with an up grade, that in doing so the wheel of the automobile dropped into a depression or gutter, which caused the driving chain to be thrown off from the rear sprocket, and left the automobile without motive power and incapable of control by the ordinary brake, that owing to the steepness of the street at that point the automobile started backward into and down the first street, that the defendant tried to stop it by turning it against the curbstone, but that its momentum carried it over the curbstone, across the sidewalk and against a terrace or bank, that it then recoiled from the bank and started forward very slowly across the sidewalk into the street and toward the street railway tracks as the car of which the plaintiff was conductor was approaching, and the collision occurred. The defendant testified that he tried to stop his automobile by using the emergency-brake but that it would not work, because it was smeared with oil from the chain that had fallen on it when thrown off from the sprocket. There was testimony which, if believed, tended to show that the accident might have been avoided by the use of the emergency brake at the proper time. The plaintiff contended that the defendant was negligent in his manner of driving his automobile and particularly in not using the emergency brake. *Held*, that it was for the jury to give such weight as they saw fit to the defendant's testimony and his explanation of the failure of the emergency brake to work, and that it was also for them to say whether the defendant exercised due care in turning the corner as he did, and whether, if he was negligent in this, such negligence contributed to the accident, and generally that the question of the defendant's negligence was for the jury.

Tort for personal injuries received by the plaintiff on June 24, 1905, in Springfield through a collision of an open electric car of which the plaintiff was the conductor with an automobile owned and operated by the defendant. Writ dated October 4, 1905.

In the Superior Court the case was tried before *Pierce*, J. At the time of the accident the plaintiff was standing upon the running board of his car collecting fares from the passengers. The automobile was at the time disabled. It was a Knox delivery van twelve feet long, seven and a half feet high and four feet wide, weighing three thousand pounds. Just before the accident the defendant had attempted to turn the automobile from Belmont Avenue into Leyfred Terrace. As he did so, the wheel of the automobile dropped into a depression or gutter which ran along the cross walk at the entrance to Leyfred Terrace, and so far threw the sprockets of the automobile out of alignment that the driving chain was thrown off from the rear sprocket. This left the automobile without motive power, and incapable of control by the ordinary brake. Owing to the declivity of the street

at that point the automobile started backward and down Belmont Avenue. The defendant retained his seat in the automobile, and endeavored to stop it by running it against the curbstone. But, instead of stopping, the automobile was carried by its momentum over the curbstone, across the sidewalk and against a terrace or bank. It then recoiled from the bank and started forward very slowly across the sidewalk into the street and toward the street railway tracks. The defendant testified that as the street car of which the plaintiff was conductor was approaching he tried to stop the automobile by using the emergency brake but that it failed to work, for the reason that its friction device, upon which the chain had fallen when it was thrown off, had become smeared with the lubricant with which the chain was covered. The plaintiff contended that the defendant was negligent in his manner of driving his automobile and particularly in not using the emergency brake instantly when one wheel was in a deep gutter. The other questions in the case and the special findings of the jury are stated in the opinion. The judge refused to rule that the plaintiff was not entitled to recover and also refused to make the other rulings requested by the defendant. The jury returned a verdict for the plaintiff in the sum of $510; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. H. Brooks & W. Hamilton,* for the defendant.

*J. McKean,* for the plaintiff.

MORTON, J. The plaintiff was a conductor in the employ of the Springfield Street Railway Company. While on the running board of a car in the act of collecting fares, he was injured by a collision between an automobile owned and managed by the defendant and the car. This is an action to recover for the injuries so received. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge to give various rulings that were requested.

There are three questions: (1) As to the plaintiff's due care, (2) as to the negligence of the motorman of the car, and (3) as to the defendant's negligence. To questions put to them by the presiding judge after they had returned their verdict, the jury answered, that the plaintiff and the motorman were in the exercise of due care, and that the defendant

was negligent. We think that the case was rightly submitted to the jury and we discover no error in regard to the instructions that were given or refused.

1. As to the plaintiff's due care. The plaintiff was where he had a right to be and was engaged in the performance of his duty, and whether he should have seen and guarded against the danger of a collision and have exercised more supervision over the motorman, and whether, taking all of the circumstances into account, he was in the exercise of due care was plainly for the jury.

2. As to the negligence of the motorman. We assume in the defendant's favor that, if the motorman's negligence caused or contributed to the collision, the plaintiff cannot recover. *Yarnold* v. *Bowers*, 186 Mass. 396. *Allyn* v. *Boston & Albany Railroad*, 105 Mass. 77. The instructions on this point were, to say the least, sufficiently favorable to the defendant. We do not see how it could have been ruled as matter of law that the motorman was negligent. The question of due care or negligence is ordinarily one for the jury. When the facts are undisputed it becomes one of law. In this case it was for the jury to determine what the facts were and then to decide whether they showed that the motorman was or was not negligent. Whether he should have discovered the plight of the automobile before he did and whether he exercised proper care in the way in which he operated the car after he did discover it, were clearly questions for the jury.

3. As to the defendant's negligence. There was testimony which, if believed, tended to show that the accident was due to failure on the defendant's part to use the emergency brake, in other words to what might be found to be negligence in the manner in which he operated the car. It was for the jury to give such weight as they saw fit to his testimony and explanations in relation thereto. It was also for them to say whether he exercised due care in turning into Leyfred Terrace as he did and whether, if he did not, such want of due care on his part contributed to the accident. The question of the defendant's negligence, like that of the plaintiff's and the motorman's due care, was for the jury. It could not be ruled as matter of law that there was no evidence of negligence on his part.

*Exceptions overruled.*