REBECCA SHAVELSON *vs.* LOUIS MARCUS.

Suffolk.    October 9, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Of one owning or controlling real estate.

At the trial of an action of tort for personal injuries against the owner of a house, there was evidence that, as the plaintiff was leaving the house after visiting it by appointment with the defendant, he caught his foot on a nail in the piazza floor and fell; that the nail protruded between two matched boards about an inch and a quarter; that it was rusty and its head quite large; and that the piazza floor was worn at that place. *Held,* that the evidence warranted a finding that the nail constituted a defect which had existed for such a length of time before the accident that the defendant, in the exercise of reasonable care, should have seen it and remedied it; and warranted a verdict for the plaintiff.

TORT for personal injuries. Writ dated October 23, 1926.

Material evidence at the trial in the Superior Court before *Walsh*, J., is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his

favor. There was a verdict for the plaintiff in the sum of $1,700. The defendant alleged exceptions.

*G. B. Rowell*, for defendant.

*G. I. Cohen*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff while on premises owned by the defendant. There was evidence that the property had been placed for sale by the defendant with one Silverman, a real estate broker, who made an appointment with the defendant's wife for the plaintiff and her husband to visit the premises; that they made an examination of the house, and while they were leaving it and the plaintiff was taking the first step down from the porch to the street, her foot caught on something and she fell and was injured. She testified that after she had fallen she saw a nail protruding about an inch and slightly upward from a board in the piazza floor; that the nail was rusty and the head quite large; that the house was in poor condition and at that particular place the piazza floor was worn. There was further testimony tending to show that the nail was driven in between two matched boards of the piazza floor which were about an inch thick and that the nail was driven in about three quarters of an inch from the upper side of the board. The plaintiff testified that she did not notice the condition of the steps until after the accident. Her husband testified in substance that the nail protruded slightly upward an inch and a quarter, and that it had a rusty head. The defendant introduced evidence tending to show that neither he nor any of the tenants had ever seen the nail before the accident.

At the close of the evidence the defendant filed a motion for a directed verdict; it was denied, subject to his exception. He also excepted to the refusal of the judge to give his fourth and sixth requests.

We have examined the charge, which is printed in full in the record, and are of opinion that the requested rulings in substance were given. The jury were warranted in finding that the nail protruded from the end of the floor of the piazza an inch and a quarter. If they so

found, it is plain that it could have been found to be a defect and that it was the cause of the accident. The question then is, Had the nail remained projecting from the board in the piazza floor a sufficient length of time before the plaintiff was injured for the defendant in the exercise of reasonable care and diligence to have discovered it and remedied the defect?

Although there was no direct evidence to show how long this condition had existed, there was evidence that the piazza floor at the place was worn and that the nail was rusty. Upon this evidence it could have been found that the defect had existed for such a length of time before the accident that the defendant, in the exercise of reasonable care, should have seen it and remedied it. It was held in *Gould* v. *Boston Elevated Railway*, 191 Mass. 396, that, where the plaintiff was injured by a seat falling upon her by reason of the breaking of the metallic armature, the fact that after the accident half of the break was rusty, black and corroded was evidence that the crack was an old one and could have been seen if due care had been exercised on the part of the defendant. In *Hannan* v. *American Steel & Wire Co. of New Jersey*, 193 Mass. 127, the injury was caused by the breaking of an iron bolt, and after the accident it was found that part of the break was fresh and the other part rusty; it was held that a finding was warranted that there was an old flaw in the bolt which could have been found by the defendant in the exercise of reasonable care. See also *Comerford* v. *Boston*, 187 Mass. 564; *Young* v. *Snell*, 200 Mass. 242; *Tilton* v. *Haverhill*, 203 Mass. 580; *Serota* v. *Salmansohn*, 256 Mass. 224.

The case is governed by the decisions above referred to, and is distinguishable from cases cited by the defendant, many of which relate to injuries from a fall caused by slipping upon some object when there was no evidence to show how long such object had remained at the place of the accident or how it happened to be there. The present case is also distinguishable from *Leslie* v. *Glazer*, *ante*, 221.

The jury were warranted in finding that the plaintiff was in the exercise of due care and the defendant makes no contention to the contrary.

*Exceptions overruled.*