AMELIA SOLOMON, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   May 22, 1931. — June 23, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Elevated railway: station, defective step.   *Evidence,* Declaration of deceased person.

A finding of negligence on the part of the defendant was warranted at
    the trial of an action of tort against an elevated railway company
    for personal injuries caused by the injured person's falling when he
    caught his foot upon a broken piece of the metal safety tread of a
    step in the stairs leading to the street from a station maintained by
    the defendant, on evidence that the broken piece was about two and
    one half inches long and projected for a distance of three quarters of
    an inch beyond the edge of the step; that the top part of it was worn
    down and its edges were rough and rusty; and that the portion of the
    step from which it was broken was also rusty: findings were warranted
    that the broken piece was a defect which had existed long enough
    before the accident for the defendant in the exercise of proper care
    to have discovered and repaired it.
There was no merit in an exception at the trial of an action to the
    admission of a statement by a deceased person, where it appeared that
    the statement was admitted after preliminary inquiry had been
    made by the trial judge and there was nothing to show that he did
    not make the findings required by G. L. c. 233, § 65.

TORT.   Writ dated March 27, 1928.

The declaration, and material evidence at the trial in the
Superior Court before *Walsh,* J., are described in the opinion.
The judge denied a motion by the defendant that a verdict
be ordered in its favor.   There was a verdict for the plaintiff
in the sum of $1,200.   The defendant alleged exceptions.

*E. A. McLaughlin, Jr.,* for the defendant.
*T. S. Bubier,* for the plaintiff.

CROSBY, J.   This is an action of tort.   The declaration
is in two counts.   The first alleges that the plaintiff's in-
testate, while a passenger upon the defendant's railway on
September 10, 1922, was injured by reason of the defend-
ant's negligence.   The second count alleges that, as the re-
sult of such injuries received by reason of the negligence

of the defendant set forth in the first count, the plaintiff's intestate died. This count was waived in the Superior Court after the plaintiff's opening and before the introduction of any evidence.

There was evidence tending to show that the intestate and his son alighted from one of the defendant's elevated trains at its Rowes Wharf station in Boston and proceeded down the stairs leading to the street; that when the intestate reached the next to the last step he caught his foot upon something and fell upon the concrete pavement; that he was picked up by his son and they then examined the step next to the bottom of the stairway and found that a piece of the metal safety tread on this step had broken away from its main part and extended outward beyond the edge of the stairway; that it was about two and one half inches long; that it was broken away from the main part a distance of about three quarters of an inch and projected outward about the same distance; that the top part of the piece so projecting seemed to be worn down and the edges of it were rough and rusty, and that the main part from where it was broken off was also rusty; that the edges of the safety tread were broken off and were twice as thick at either side as in the middle; that the broken piece was directly in the path of the intestate as he walked down the stairs. At the close of the evidence the defendant filed a motion for a directed verdict in its favor; the motion was denied subject to the defendant's exception.

It is not contended by the defendant that the plaintiff's intestate was not in the exercise of due care. Apart from an exception relating to evidence, the only questions are whether the projection of a portion of the metal tread for a distance of three quarters of an inch beyond the edge of the step could be found to be a defect, and, if so found, whether it had remained in that condition a sufficient length of time to have been discovered and remedied by the defendant.

It is earnestly argued by the defendant that as matter of law the part of the metal tread which extended three quarters of an inch beyond the step could not be found to

be a defect.   The defendant relies upon the decision in *Jennings* v. *Tompkins,* 180 Mass. 302, where it was held that a nail which projected three sixteenths of an inch on a wooden step in the aisle of a theatre was not a defect for which the person in control of the theatre was liable to one who was injured by a fall caused by catching his heel on the nail.   The defendant also relies on *Johnson* v. *Fainstein,* 219 Mass. 537, where it was held that two nails, one of which projected only three sixteenths of an inch above a tread of a common stairway, were not a defect even if the owner of the building had notice of the projection of the nails before the accident occurred.   The defendant also cites *Leslie* v. *Glazer,* 273 Mass. 221.   In that case the plaintiff was injured by catching her foot on projecting nails on a common stairway, but there was no evidence to show to what extent the nails protruded above the level of the steps, and there was no evidence from their appearance to show how long the nails had been in that condition.

We are of opinion that none of these cases is applicable to the evidence in the case at bar.   It could be found that the part of the metallic tread which had broken off and extended out from the edge of the step three quarters of an inch was much more likely to cause a person to catch his foot and fall than is a nail in a wooden step projecting only to the extent of three sixteenths of an inch.   The present case is plainly distinguishable from the cases cited by the defendant and is governed by *Serota* v. *Salmansohn,* 256 Mass. 224, and *Shavelson* v. *Marcus,* 273 Mass. 237. Although there was no direct evidence to show how long the metallic tread had remained in the condition which, it could have been found, existed at the time the plaintiff's intestate caught his foot upon it and fell, there was evidence that the end of the broken part and the main part from which it had become detached were rusty.   This evidence was sufficient to warrant a finding that the defect had existed long enough before the accident for the defendant in the exercise of proper care to have discovered it and repaired the tread.   *Gould* v. *Boston Elevated Railway,* 191 Mass. 396.

*Hannan* v. *American Steel & Wire Co. of New Jersey*, 193 Mass. 127. *Shavelson* v. *Marcus*, 273 Mass. 237. See also *Bennett* v. *Jordan Marsh Co.* 216 Mass. 550.

The defendant excepted to the admission of certain statements made by the plaintiff's intestate respecting the accident, and its effect upon him. It appears that this evidence was admitted after preliminary inquiry had been made. There is nothing to show that the trial judge did not make the required findings to make the evidence competent. *Newton Centre Trust Co.* v. *Stuart*, 208 Mass. 221, 225. The exceptions to the admission of the declarations of the intestate are without merit.

There was no error in the conduct of the trial.

*Exceptions overruled.*