· MARGARET A. LOUDON *vs.* FRANCOIS X. BEAULIEU & another.

Hampden.    September 17, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Common stairway. *Negligence,* Of one owning or controlling real estate.

At the trial of an action of tort by a woman, tenant in a building owned and controlled by the defendant, for personal injuries sustained by reason of an alleged defective condition of a common stairway in the building, there was evidence that she had lived in the building nineteen or twenty years; that when her tenancy began the stairs were in good condition; and that on the day she was injured she caught her heel as

she was going down the stairs and was thrown. A son of the plaintiff testified that on the same day he examined the step where his mother said she fell and saw "the brass nosing and one of the screws raised up and also that about a week before he noticed the same condition of the stairs . . . that it was sticking up about half an inch . . . [he] would say, or a little better; also that the screw was sticking up less than half an inch." *Held*, that

(1) Findings were warranted that when the tenancy of the plaintiff began the stairway appeared to be in good condition, that it had become defective and dangerous at the time she was injured, and that in the exercise of reasonable care and diligence the defendant should have discovered the defect and made the stairway safe for the tenants and others rightfully using it;

(2) A verdict for the plaintiff was warranted.

TORT for personal injuries. Writ dated February 25, 1929.

In the Superior Court, the action was tried before *Dillon*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. There was a verdict for the plaintiff in the sum of $500. The defendants alleged exceptions.

The case was submitted on briefs.

*J. H. Madden*, for the defendants.

*J. P. Dowling*, for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal injuries, received by the plaintiff, by reason of an alleged defective condition of a common stairway in a building owned and controlled by the defendants.

The plaintiff testified that when she was injured she was a tenant on the fourth floor and had lived in the building nineteen or twenty years; that when her tenancy began the stairs were in good condition; that on the day she was injured she left her apartment and went down on to a small landing, and in going to the next flight, and when within four steps of the next landing her heel caught, and she was "thrown out" into the hall causing the injuries complained of; that her son Frank, since deceased, came in a little while after she was injured; that he went out and came back and told her, in substance, that there was something "sticking up" on the stairs. She further testified that she

did not examine the stairs at the place she fell. Another son of the plaintiff testified that later, on the day she fell, he inspected the step on which she said she caught her heel; that he saw "the brass nosing and one of the screws raised up and also that about a week before he noticed the same condition of the stairs . . . that it was sticking up 'about half an inch . . . [he] would say, or a little better'; also that the screw was sticking up less than half an inch."

One of the defendants testified that he examined the stair after the accident and that it was not defective but was in the same condition, so far as he knew, at the time of the accident as when he purchased the property ten years previously thereto. At the close of the evidence the defendants filed a motion for a directed verdict. The motion was denied subject to their exception.

We are of opinion that there was no error in denying the motion. There was evidence from which it could have been found that when the tenancy of the plaintiff began the stairway appeared to be in good condition, and had become defective and dangerous at the time she was injured. The testimony offered by the plaintiff, that the brass nosing attached to the step had become loosened and was raised up about half an inch or a little more, was evidence that it was in an unsafe and dangerous condition at the time of the accident. *Flanagan* v. *Welch*, 220 Mass. 186. *Serota* v. *Salmansohn*, 256 Mass. 224. *Shavelson* v. *Marcus*, 273 Mass. 237. *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139. The cases of *Jennings* v. *Tompkins*, 180 Mass. 302, and *Johnson* v. *Fainstein*, 219 Mass. 537, cited by the defendants, are distinguishable in their facts from the case at bar.

The further evidence that about a week before the accident the stair was in the same condition as it was in when the plaintiff fell warranted a finding that in the exercise of reasonable care and diligence the defendants should have discovered the defect and made this common stairway safe for the tenants and others rightfully using it. *Goodell* v. *Sviokcla*, 262 Mass. 317.

*Exceptions overruled.*