## BLANCHE KELMEL vs. CITY OF HOLYOKE.

Hampden.    September 22, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of one owning or controlling real estate. *Municipal Corporations,* Liability in tort.

In an action of tort against a city for personal injuries sustained when the plaintiff fell on an allegedly defective step at the entrance to the defendant's city hall, which was used in part for private business and to which the plaintiff had gone for the purpose of purchasing electric light bulbs from the gas and electrical department, it *was stated* that the duty of the defendant to the plaintiff in the circumstances was that of an ordinary landowner to a person invited to the premises.

A verdict for the defendant properly was ordered in an action of tort against the owner of a building for personal injuries sustained when the plaintiff, a woman who had gone to the building on business with the defendant, fell on a step at the entrance of the building when she caught her heel in a place in the step where a piece, about two inches wide and three quarters of an inch long, was broken out adjacent to the brass nosing on the edge, which at that point was not standing straight up but was tipped forward about three quarters of an inch, there being no specific evidence to show how long such condition had existed and nothing in its appearance to warrant an inference that it had existed long enough for the defendant in the exercise of reasonable care to discover and remedy it.

TORT for personal injuries.    Writ dated May 3, 1930.

The action was tried in the Superior Court before *W. A.*

*Burns*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception. The question, whether the defendant as a municipal corporation could be held liable for the plaintiff's injuries, apparently was not raised at the trial and was not argued by either party before this court.

The case was submitted on briefs.

*J. P. Dowling*, for the plaintiff.

*H. P. Small*, for the defendant.

LUMMUS, J. The plaintiff excepted to the direction of a verdict for the defendant in an action of tort for negligence causing bodily injury. The plaintiff was hurt by a fall on a flight of steps in the entrance to the city hall in Holyoke, which is used in part for private business. Her errand in the city hall was the purchase of electric light bulbs from the gas and electric department, which presumptively is a venture of the city for profit rather than an agency for the performance of strictly public functions. *O'Donnell* v. *North Attleborough*, 212 Mass. 243. *Bolster* v. *Lawrence*, 225 Mass. 387, 390. G. L. (Ter. Ed.) c. 164, § 64. In these circumstances, the duty of the defendant city to the plaintiff was that of an ordinary landowner to a person invited to the premises. *Oliver* v. *Worcester*, 102 Mass. 489. *Little* v. *Holyoke*, 177 Mass. 114.

The question is whether there was evidence of negligence in the maintenance of the steps. The plaintiff testified that she caught her heel in the center of the top step, where a piece was broken out, about two inches wide and three quarters of an inch long, adjacent to the brass nosing on the edge of the step, which at that point was not standing straight up but was tipped forward about three quarters of an inch. There was no direct evidence to show how long this defect had existed, as in *Loudon* v. *Beaulieu*, 277 Mass. 33, and there was nothing in the appearance of the defect as described to enable the jury to infer that it had existed long enough for the defendant in the exercise of reasonable care to discover and remedy it, as in *Shavelson* v. *Marcus*, 273 Mass. 237, *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, and *Solomon* v. *Boston Elevated Railway*, 276 Mass. 139.

Although there was testimony that the step was "badly worn and cracked" about a foot on each side of the place where the piece was broken out, neither the extent of such wearing and cracking nor any causal connection between that condition and the accident appeared. The direction of a verdict for the defendant was right.

*Exceptions overruled.*