ELLEN R. HILLIS *vs*. SEARS, ROEBUCK AND CO.

Middlesex.   October 6, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of proprietor of store.

Evidence, at the hearing of an action for personal injuries against the proprietor of a store, that the plaintiff, a customer in the store, fell when he caught his foot on a brass band sticking up from one half an inch to about an inch at the edge of a stair tread and that the band looked worn and was dull, dirty, loose, ragged and sharp, warranted a finding of negligence on the part of the defendant.

TORT. Writ in the Third District Court of Eastern Middlesex dated June 16, 1932.

The action was heard in the District Court by *Temple*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $797.50, and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed. Its contentions before this court pertained solely to the question of its negligence.

*J. Fisher*, for the defendant, submitted a brief.

*E. C. McCabe*, for the plaintiff.

RUGG, C.J. This is an action of tort in which the plaintiff seeks to recover compensation for personal injuries received by her at about 9:15 on a March evening in the store of the defendant where she was a customer. The trial judge found that the plaintiff was injured while in the exercise of due care through the defective condition of the stairway, which was known to the defendant or had existed long enough so that the defendant by the exercise of reasonable care might have known that the defect existed. Substantial damages in favor of the plaintiff were assessed.

The plaintiff testified that as she was descending stairs in the store her foot caught on a ragged metal band sticking up

about an inch on the edge of a stairway tread. A witness who had been both a ship and a house carpenter testified that he examined the stairway immediately after the accident and found that the brass band was sticking up about one half to five eighths of an inch and looked worn; that the brass was dull, dirty, loose, ragged, and sharp. This testimony was controverted but its credibility was for the trial judge.

It was the duty of the defendant, so far as reasonably practicable, to maintain its stairs in a reasonably safe condition for the use of the plaintiff. *Judson* v. *American Railway Express Co.* 242 Mass. 269, 271. There was evidence sufficient to support a finding of a breach of that duty. The case is governed by *Serota* v. *Salmansohn,* 256 Mass. 224, and *Solomon* v. *Boston Elevated Railway,* 276 Mass. 139, and cases cited. *Loudon* v. *Beaulieu,* 277 Mass. 33.

<div align="right">

*Order dismissing report affirmed.*