Jones, P. J.
The amount of the finding for the plaintiff in this ease does not appear in the report and we only find it from the copy of the docket entries sent us. A report should always show the finding made.
Taking up the case, the evidence is almost entirely from the plaintiff. She testified that she stopped and reached out her hand to get some material on a counter in defendant’s store and her hand went into glass that was broken in three or four different places; that she did not break it; that “it was like that”. On cross examination the plaintiff testified that she might have caught her leg, “slipped a little, before she cut her arm’ ’; that when she was standing at the counter before the accident, she did not observe the glass broken at *70 first; that it was after she slipped and while her arm was coming down that she noticed the glass was broken; that her foot must have slipped and she grabbed the glass. There was also in evidence a statement signed by the plaintiff in which she stated as the cause for the accident that her “heel slipped on floor, as she fell (she) grabbed glass which broke and cut her left forearm just below the elbow”. And a further statement by her that the defendant “could not improve condition at this point of accident because there was no obstruction to cause the fall”. Further on in her examination the plaintiff agreed that she “was on the left hand side of the defendant’s store about half way and wanted to go around the end of the cloth counter, to the left” and that she “had on white patent leather sandals, with a leather flat heel, leather lifts”; that she “had just gotten completely around the corner to the left when one of her feet slipped”; she “didn’t know which one, and she slipped and fell”; that she “threw out her right hand and grabbed the counter at her left”.
Two witnesses for the plaintiff testified that they were with the plaintiff in the defendant’s store at the time of accident; that as they were turning to the left, the plaintiff being next to women’s wear counter, suddenly the plaintiff seemed to slip and start to fall; that she grabbed the glass rail on the women’s counter and did not fall but in some was she cut her left forearm 'badly. The glass rail was broken in two or three pieces.
Two employees óf defendant testified on behalf of the defendant that they observed no broken glass on the counter before the accident.
The defendant asked the trial judge for two rulings of law:
1. There is no evidence of any negligence on the part of the defendant or its agents and servants.
*71 2. There is no evidence of a violation of any legal duty which the defendant owed to the plaintiff.
Both of these rulings were denied.
The defendant pleads contributory negligence on the part of the plaintiff. Such a defence is generally one of fact. G. L. Ter. Ed. c. 231, see. 85; O’Cornell v. McKeon, 270 Mass. 432; but as the evidence establishes absence of defendant’s negligence and plaintiff’s contributory negligence then the finding should have been for the defendant. Mahoney v. Boston Elevated Railway Co., 271 Mass. 274.
The trial judge found that the plaintiff, who testified that just as she was falling she extended her arm out over the counter to break her fall, noticed the broken glass which caused the laceration on her arm. If she had not fallen no harm would have been occasioned her. No defects in the floor are testified to by any person in behalf of the plaintiff and it appears from the evidence and the finding of the court that the sole cause of the plaintiff’s accident was her unexplained fall. The broken glass had no connection as a cause of plaintiff’s falling. As she slipped and fell, while unfortunate for the plaintiff, it was not occasioned by any fault of the defendant. In an attempt to save herself she put out her arm and received the injuries in question.
In her cross examination she does not put the case so strong for herself as the judge finds. The plaintiff testified that “her heel slipped on floor, as she fell she grabbed glass which broke and cut left forearm just below the elbow”; and that “there was no obstruction to cause fall”.
We think that under the finding of the judge the plaintiff lost her footing for some unexplained cause for which the defendant cannot be held liable; that she suffered solely by reason of her own unexplained act; and, in trying to save herself, she put her arm on to the glass in question. The glass was not the cause of her injury, it was her own mis *72 fortune that caused her to put her arm on the glass. That is, the trial court found she put her arm out on or into the glass to save herself from a fall that was not caused by any negligent act of the defendant. . .
It is stated in Paatrick v. S. S. Kresge Co., 288 Mass. 194,
“The court is not ignorant of common devices and common dangers, and no admission or expert opinion can establish liability where common knowledge shows that there was no danger so substantial that a reasonable man in the position of the defendant would have anticipated injury and guarded against it.”
Plaintiff undoubtedly had the right as an invitee to be in the store. Grogan v. O’Keeffe’s Inc., 267 Mass. 189. And, being in the store by the invitation of defendant, the defendant was bound to use reasonable care to keep the premises in safe condition for her use as a customer. Kennedy v. Cherry & Webb Co., 267 Mass. 217, 219. But this did not go so far as to make the defendant liable for a fall such as appears in this case.
Under the provisions of e. 231, §85, there was in this case a presumption of due care on the part of the plaintiff, but this presumption is a rebuttable one and is not controlling where the facts are, as here, inconsistent with such a presumption. Murphy v. Boston Elevated Railway Co., 262 Mass. 485.
The plaintiff testified that she slipped on that floor, that “her heel slipped on floor, as she fell (she) grabbed glass which broke and cut forearm just below the elbow”; that 4 6 after she slipped and while her arm was coming down that she noticed the glass broken”; there was no evidence in the case to control or modify this statement. We do not think it can be found that she was in the exercise of due care just before the accident. No evidence was offered to explain her fall. No defect in the floor was. shown. The de *73 fendant put in no evidence regarding this matter, so that there being no evidence in dispute in this regard and the facts as stated are only consistent with a lack of due care on plaintiff’s part, the presumption of due care is no longer controlling. Murphy v. Boston Elevated Railway, 262 Mass. 485, 486, and cases there cited. Scanlon v. Berkshire Street Railway Co., 215 Mass. 554.
There being no dispute in the facts and the inferences being as consistent with plaintiff’s lack of due care or negligence or otherwise the case presents only one of law. Dudley v. Kingsbury, 199 Mass. 258. It is not like Blake v. The Great Atlantic and Pacific Co., 266 Mass. 12, where plaintiff slipped on moist floor saturated with floor oil.
Further, the burden was upon the plaintiff to prove the “defendant was negligent and that her injury was the proximate result of that negligence”. Wilson v. Norumbega Park Co., 275 Mass. 422, 425.
In the case at bar even if the plaintiff could be said to be in the exercise of due care we cannot say that the broken glass had existed for such length of time that the defendant could be held responsible. Poulas v. Loffa, 1935 Mass. Adv. Shts. 1427. White v. Morgan, 280 Mass. 73; Lyons v. Boston Elevated Railway Co., 204 Mass. 227.
There is no evidence in the ease that the defective glass had existed for such period of time as would make the defendant liable for its condition. The defendant’s servants testified that they had not noticed any breakage in the glass before the accident. The plaintiff’s testimony in this respect as found by the trial judge was that as “she was falling and extended her arm out over the counter to break her fall she noticed the broken glass”. This would not warrant a finding that the defendant had any prior notice of the existence of the broken glass, in the absence of evidence *74 showing how long the glass had been broken. Kelmel v. City of Holyoke, 280 Mass. 433.
No inference as to the length of time this glass had been broken can be drawn. It might have been shortly before so that it could not have been remedied. It appeared also that it was only cracked, so that even under such a condition it was not the real cause of the accident. The burden was upon the plaintiff to show that the glass was broken long enough before the accident so that with reasonable care defendant should have discovered and remedied it, even if shown as the cause of plaintiff’s, injury. Shavelson v. Marcus, 273 Mass. 237.
The glass was noticed as broken as plaintiff was falling. It might have been broken just before by some customer or stranger in the store. No negligence of defendant is shown. Mascary v. Boston Elevated Co., 258 Mass. 524.
We think the rulings requested by defendant should have been given.
Finding for plaintiff vacated; judgment is ordered for defendant.