## LILLIAN HOMSY *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    March 5, 1946. — March 28, 1946.

Present: FIELD, C.J., LUMMUS, QUA, & SPALDING, JJ.

*Negligence*, Stairway.

A finding, that a defective condition of a stairway to which numerous people had access, consisting of a metal strip raised about an inch off the tread at the edge of a step "and pretty well worn out" had existed long enough to charge the proprietor of the building with negligence toward an invitee injured through catching his heel on the raised strip and falling, was not warranted by evidence merely that "there was quite a bit of dirt under the strip."

TORT. Writ in the Superior Court dated March 23, 1943.

The action was tried before Dillon, J.

G. J. Shagory, for the plaintiff, submitted a brief.

W. L. Allen, for the defendant.

SPALDING, J. After the jury had returned a verdict for the plaintiff, the judge, under leave reserved, entered a verdict for the defendant, and the correctness of this action is the only question for decision.

The plaintiff testified that she and several others comprising a church committee entered the premises of the defendant between seven and eight o'clock in the evening for the purpose of inspecting a hall which they contemplated hiring for a banquet. This inspection was "by appointment," and the committee were accompanied by the defendant's superintendent. In descending a flight of stairs the plaintiff caught her heel in the "middle nosing" of one of the steps, fell to the landing and was injured. The lower part of the heel which caught in the "nosing" was cracked in the center. There was a "nick in it half an inch from the base of the heel" and "there was dirt in there."

One Hajjar, called by the plaintiff, testified that immediately after the accident he looked at the step on which the

plaintiff had fallen and observed that there was a metal strip which covered the edge of the step. This strip was not broken in any place, but about nine or ten inches of it "was raised off the tread about an inch and was pretty well worn out." He further testified that there was quite a bit of dirt under the strip. However, on cross-examination he stated that he "got right down and saw dirt around the metal strip but he did not see any dirt underneath it." The defendant's evidence was that the stairs were in good condition.

There was evidence from which the jury could have found that the plaintiff, while on the defendant's premises as an invitee, was injured by reason of a defective condition on its stairway. See *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320; *Fowler* v. *South End Amusement Co.* 299 Mass. 317. The defendant makes no contention to the contrary. Its sole contention is that the evidence would not warrant a finding that this condition had existed long enough to charge the defendant with negligence. Clearly on the basis of Hajjar's testimony on cross-examination there was not enough to warrant such a finding. But on direct examination he testified that "there was quite a bit of dirt under the strip," and the jury could have found this to be the fact. *Garland* v. *Stetson*, 292 Mass. 95, 98. *Pochi* v. *Brett*, *ante*, 197, 205. Compare *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. Nevertheless, we think that this condition on stairs, to which we infer numerous people had access, would not afford the basis for a finding that the defect had existed long enough before the accident for the defendant in the exercise of reasonable care to have discovered it and repaired it. See *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489; *Smail* v. *Jordan Marsh Co.* 309 Mass. 386; *Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225; *DiAngelo* v. *United Markets Inc. ante*, 143, 148, 149. That there was dirt in the nick in the plaintiff's heel is of no significance; it could just as well have come from the heel as from the strip. In the cases on which the plaintiff relies (*Bennett* v. *Jordan Marsh Co.* 216 Mass. 550, *Serota* v. *Salmansohn*, 256 Mass. 224, *Shavelson* v. *Marcus*,

273 Mass. 237, *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320, and *Pauley* v. *Brockton Savings Bank*, 305 Mass. 517), there was evidence that would warrant a finding that the defect had existed for a longer period than that in the case at bar.

*Exceptions overruled.*