MOREY L. MARKOWITZ *vs.* U-DRYVIT AUTO RENTAL COMPANY, INC.

Suffolk. December 2, 1958. — February 2, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Rented vehicle. *Motor Vehicle,* Rented vehicle.

At the trial of an action against the owner of a motor truck rented to the plaintiff to recover for injuries sustained when the body of the truck tipped up on one side and the truck finally tipped over while the plaintiff was driving it around a curve, evidence that after the accident a break in the frame and a broken U-bolt were found and that the ends of the frame and the bolt at the breaks were not clean but were rusty warranted a finding of negligence on the part of the defendant in failing to discover and rectify the defective condition of the truck before renting it to the plaintiff.

TORT. Writ in the Municipal Court of the City of Boston dated May 24, 1955.

Upon removal to the Superior Court the case was tried before *Dowd*, J.

*Richard H. Gens*, for the plaintiff.

*Herbert J. Redman*, for the defendant, submitted a brief.

COUNIHAN, J. This is an action of tort for personal injury, loss of profits on certain meats, and property damage, commenced in the Municipal Court of the City of Boston. The action was removed to the Superior Court where it was tried to a judge and jury.

The declaration is in four counts. Count 1 is for negligence of the defendant in the maintenance of a motor truck hired from the defendant by the plaintiff whereby certain property of the plaintiff in the truck was damaged when an accident happened, which is hereinafter described, and for loss of profits. Count 2 sought damages for personal injuries sustained in said accident. Counts 3 and 4 seek recovery because of a breach of warranty in the rental of the truck. The action was tried and argued before us on the basis of negligence of the defendant, so we disregard counts 3 and 4.

Upon motion of the defendant the judge directed verdicts for the defendant and the plaintiff duly excepted. There are also two exceptions of the plaintiff to the exclusion of evidence as well as an exception of the plaintiff to the denial of his motion for a new trial. There was error in the allowance of the motion of the defendant for directed verdicts.

The essential facts may be summarized as follows: The plaintiff was engaged in the business of transporting meat under the name of the Bardfield Motor Transportation. In June, 1954, he ordered for rental from the defendant a two and one-half ton truck with "a hot ice bunker" in it, to be used for the transportation of fresh meats. Very early in the morning of June 14, 1954, between 3 A.M. and 4 A.M. the plaintiff went to the defendant's garage on Tremont Street, Boston, to pick up the truck. He then drove it to the plant of the Universal Beef Corp. on Newmarket Square in Bos-

ton.  When he got the truck he signed a contract for the use of it, one of the clauses of which, he later learned, read, "That he has examined said vehicle and that the same is in good, safe and serviceable condition except as may be noted . . ." therein.  There were no notations on the contract.  He did not read this contract.  He thought he was signing an agreement concerning the mileage he was to drive and the receipt for $30 which he deposited with the defendant for the use of the truck.  The capacity of the truck was printed on the truck at 18,000 pounds and it weighed 10,000 pounds.

At the Universal Beef Corp. he loaded eight tons of meat on the truck.  He made a delivery in Plymouth and then started out on Route 44 toward Middleboro at a rate of speed of thirty miles an hour.  As he started to make a curve into Carmel Street he felt what seemed like a shift in the load.  As he looked in the rear vision mirror he noticed that the right side of the truck was not in line with the cab of the truck.  The right side of the truck was leaning, the centrifugal force was taking it.  He looked back and saw that the chassis was coming up.  The chassis was up on its side on two wheels.  He turned the wheels to try to get the truck to settle, and it just seemed to teeter for a moment. It kept going over and finally tipped over.  The truck continued to move forward.  The plaintiff did not apply the brakes at any time.  The truck fell over on its side and skidded across the road ending up at a stone wall.

The beef had broken through the roof of the truck and was strewn over the field.  The plaintiff examined the truck and found a break in the frame and a broken U-bolt on the right side of the truck.  The ends of the frame and the U-bolt break were not clean and there was rust on the ends of the frame and U-bolt.

We are of opinion that the judge should have permitted the jury, on these facts, to determine whether the defendant knew or should have known of the defective condition of the truck when it rented it to the plaintiff.  The presence of rust on the ends of the broken frame and the U-bolt

break could have been discovered by the defendant or its employees upon a reasonable examination and steps could have been taken to remedy the defects thus disclosed. *Gould* v. *Boston Elev. Ry.* 191 Mass. 396. *Hannan* v. *American Steel & Wire Co. of N. J.* 193 Mass. 127. *Shavelson* v. *Marcus*, 273 Mass. 237, 239. *Solomon* v. *Boston Elev. Ry.* 276 Mass. 139.

The defendant did not argue the significance, if any, of the exculpatory clause in the contract of renting to which we have referred. We treat this point as waived. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

Other exceptions of the plaintiff are not likely to arise at a new trial so we do not consider them.

It follows from what we have said that there was error in directing verdicts for the defendant and there must be a new trial.

*Exceptions sustained.*