*Northern District*

No. 7376

**MARY MOTT**

**v.**

**MORIN'S BAKERY & RESTAURANT**

Argued: Sept. 23, 1920 - Decided: Oct. 13, 1970

*Present:* Brooks, P.J., Connolly, J., Cowdrey, J.
Case tried to *Artesani, J.,* in the Fourth District Court of Eastern Middlesex No. 273 of 1969.

**Brooks, P.J.** **This is an action of tort** for personal injuries sustained by plaintiff as the result of a fall on defendant's premises. The declaration is in one count for negligence. Defendant's answer is general denial, contributory negligence, assumption of risk, licensee, trespasser, lack of notice, and Statute of Limitations.

*The material evidence was as follows:*

Plaintiff, a business invitee on the premises of defendant, around noontime on December 6, 1967 had finished lunch in defendant's restaurant. Inquiring of an employee of defendant as to the location of the Ladies Room, she was directed one flight up. Plaintiff ascended the

stairs and entered the Ladies Room which was well lighted. Approaching the far end of the room, she ascended one step approximately 4½ to 5 inches in height to wash her hands in the sink.

After washing her hands she turned and as she was descending the one step she fell, landing on the floor on her side. After falling, she placed one of her arms on a metal strip affixed to the step and felt it go down. After waiting approximately two to three minutes she left the Ladies Room and the defendant's premises, and reported the accident to defendant on the following day. Defendant was wearing a pair of black leather pumps with a medium width heel.

Defendant filed the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff on count one.
2. The evidence does not warrant a finding that there is any defect as alleged by the plaintiff.
3. The evidence does not warrant a finding that the defendant had any actual or constructive knowledge of the alleged defect. *Homsey* v. *John Hancock Mutual Life Ins. Co.*, 319 Mass. 376.
4. The evidence does not warrant a finding that the plaintiff was invited to be in the area where the alleged accident occurred.

5. The evidence does not warrant a finding that the plaintiff was other than a mere licensee where the alleged accident occurred.

The court denied all of defendant's requests and made the following findings:

"This is an action arising out of injuries received by the plaintiff while on premises of the defendant.

"It was agreed that defendant operates and is in control of the premises where fall is alleged to have occurred.

"There was evidence by the plaintiff that she went into defendant's premises to have lunch; that defendant operated a restaurant on the premises; that she had her lunch and then went to the ladies room which was up a flight of stairs; that she entered room and went to the sink which had a step leading down from it; that there was a metal strip on the stair; that as she stepped down her heel caught in a space between the metal strip and the stair causing her to fall and sustain injuries as the result of which she incurred medical expenses and was incapacitated from work for a period of time; that she had on leather pumps with a medium sized heel; that she hobbled out of the premises and her injuries became painful and she reported the fall to defendant on the following day.

"The court finds that the plaintiff was a business invitee of the defendant; that the plaintiff

was at all times in the exercise of due care; that the metal strip was away from the step and this space was the cause of plaintiff's fall; that the defendant knew or should have known of stated defect which from the evidence it could be inferred was there for a period of time. The court finds further that plaintiff was injured in the fall; incurred medical expenses and was incapacitated from her employment for a period of time.

"The court finds for the plaintiff in the amount of two thousand three hundred forty-five dollars ($2345.00)."

Defendant claimed to be aggrieved by the rulings and refusals, more particularly the disallowance of his requested rulings and the findings.

▉▉▉▉ This plaintiff was clearly a business invitee of defendant whose legal duty it was to maintain its premises in reasonably safe condition. *Paquette* v. *Bradley,* 348 Mass. 326. To justify a finding for plaintiff in this type of case the trial court must hold that:

    *a.* the premises at the time and place of plaintiff's accident were unsafe;

    *b.* this unsafe condition was a cause of the accident; and

    *c.* defendant should have been aware of the condition and remedied it.

▉▉▉▉ As a matter of practice and procedure, the evidence on which the trial court makes its findings must be set forth in the report on

which the case comes to us. Evidence outside the report contained in counsel's brief or in the court's findings is not to be considered. Reasonable inferences from evidence contained in the report may, of course, be drawn by this Division.

The report in this case, so far as a description of the accident goes, merely states that plaintiff after stepping up one step and washing her hands in a sink, turned around and as she was descending the step she fell on her side. "After falling, she placed one of her arms on a metal strip affixed to the step and felt it go down."

There is no testimony as to the precise location of the metal strip nor as to its dimensions or appearance. It does not appear that plaintiff even saw the strip at any time. It can only be inferred that this strip was loose, a condition which was not apparent to her when she stepped up to the sink.

Plaintiff's brief and the judge's findings contain statements not in the report. For example, plaintiff's brief states that the metal strip "was raised inches off the platform." The judge's findings state that "plaintiff's heel caught in a space between the metal strip and the stair." If these statements are disregarded, as they should be, and bearing in mind that falling down stairs which are in good repair is not an uncommon occurrence, we are reduced to mere conjecture, both as to the connection

between plaintiff's fall and the metal strip, also as to the length of time which this condition had existed prior to the accident.

It is of course fundamental under such circumstances that findings of fact are not to be based on conjecture. *Mucha* v. *Northeastern Crushed Stone Co.*, 307 Mass. 592. *Benjamin* v. *O'Connell & Lee Mfg. Co.*, 334 Mass. 346, 351. For a case quite similar on its facts to the present one, see *Homsey* v. *John Hancock Mutual Life Ins. Co.*, 319 Mass. 376. We hold that there was error in the trial court's denial of defendant's requests for rulings 1 and 3. However, to avoid a possible miscarriage of justice the following order is to be entered:

**Finding for plaintiff to be vacated and the case remanded for a new trial.**

HAROLD C. DuLONG
for the Plaintiff.
EDWARD V. CASHIER
for the Defendant.