*Northern District*
No. 7797

MARY ANNE CZMUT, ppa. et al.

*v.*

EDYTHE B. FORD

Argued: June 22, 1972 - Decided: August, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *King, J.,* in the Municipal Court of the Dorchester District No. 25503. Trial: March 31, 1971. Decision: May 11, 1971.

**Mason, J.** *This is an action of tort* for injuries sustained from a fall while leaving the defendant's premises. The defendant answered by way of a general denial, contributory negligence and assumption of risk.

*There was evidence at the trial* that the plaintiff accompanied her parents to the defendant's husband's office for a dental appointment; that while leaving the building and descending the stairs, the plaintiff slipped on a plastic bag approximately three feet by four feet, which was practically covered with leaves.

The plaintiff's parents testified that the plaintiff let go of her father's hand, fell down and was injured. There was further testimony that

the lighting was poor on the stairway and that the accident occurred at 8:00 p.m. Photographic evidence showed that there was a light fixture adjacent to the stairs where the accident occurred and a second light fixture on the sidewalk in front of the building. There was no testimony as to whether the lights were on or off at the time of the accident. It was stipulated that defendant had control over the exclusive entrance and steps to the dental office.

There was a finding for the plaintiff.

The defendant filed six requests for rulings, all of which were denied.

In cases where the trial justice denies a request that the evidence warrants a certain finding decisive of the case, it must be made clear by special findings that such denial was not due to an erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. *Rummel* v. *Peters,* 314 Mass. 504, 517, 518.

The record is not fairly susceptible of the construction that these requests were denied because rendered immaterial by findings of fact made by the trial justice. No findings of fact are recited. *Bresnick* v. *Heath,* 292 Mass. 293, 298.

The questions of law raised by the requests were decisive of an issue in the case. These requests therefore required the judge to grant them or to state facts found by him which made the requests inapplicable and otherwise

comply with Rule 27 of the Rules of the District Courts (1972). His failure to do so was error.

 The plaintiff was a business visitor on the defendant's premises. The defendant was obliged to exercise reasonable care to keep the stairway in a safe condition, or at least warn the plaintiff against any dangers not known to the plaintiff nor obvious to an ordinary intelligent person, which were either known or ought to have been known to the defendant. *Greenfield* v. *Freeman,* 328 Mass. 272, 274. *Tetreault* v. *Dupuis,* 351 Mass. 697, 710.

 In order to establish negligence on the part of the defendant in maintaining that portion of the premises where the accident occurred, the plaintiff must show that the defendant knew or should have known that the bag was on the steps. The plaintiff entered and left the premises by the stairs, accompanied by her parents. There was no evidence tending to show that the bag was on the stairs when the plaintiff entered the building, the width of the stairs, how long the plaintiff was in the building, or whether there were leaves on the stairs when the plaintiff entered the building.

There was no direct evidence, nor evidence warranting an inference as to how the bag came to be on the stairs or how long it had been there. *Johnson* v. *Warner Bros. Circuit Management Corporation,* 301 Mass. 348.

We think that the condition on the stairs, to which we infer numerous people had access,

would not afford the basis of a finding that the bag had remained on the stairs long enough before the accident for the defendant in the exercise of reasonable care to have discovered it and removed it. *Homsy* v. *John Hancock Mutual Life Ins. Co.,* 319 Mass. 376, 377.

The finding for the plaintiff is to be vacated and a **finding is to be entered for the defendant.**

For Defendant:

CARROLL E. AYERS

No Brief or Argument for the Plaintiffs, by their counsel SIDNEY PERLOW