CLARENCE H. MADDOX *vs.* MARY H. BALLARD.

Middlesex.    March 27, 1914. — May 22, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability.

In an action by a workman against his employer for personal injuries caused by
an explosion of naphtha after it had been poured into a large kettle containing a
substance being compounded as a coating for patent leather, it appeared that,
after the contents of the kettle had been heated to a temperature of about six
hundred degrees Fahrenheit, it was the practice to extinguish the burner that
heated it and to draw into the yard the truck in which the kettle was inserted,
that before pouring in the naphtha it was of the gravest importance to quench
any sparks that might remain in the soot that had gathered on the bottom of
the kettle and under the iron platform that held it, that the only means pro-
vided for doing this was to throw water underneath the kettle from a pail by
using a small tomato can, that an experienced man, in charge of the boiling
had warned the defendant's superintendent on two or three occasions that
this was an ineffective method of extinguishing the sparks and that a hose
should be furnished for the purpose, that the plaintiff's work was to apply the
first coating to the leather, which was done inside the factory, and that he had
had no experience with the kettle, that he was ordered to go to help the boiler
at the kettle and he and another workman were directed to dip pails into a
large naphtha can and empty the naphtha into the kettle as fast as they could, and
that after the naphtha was poured in a vapor arose from the kettle and sank to
the ground and in two or three minutes the explosion occurred which injured
the plaintiff. It was not contended that the plaintiff was not in the exercise
of due care. *Held,* that there was evidence of negligence on the part of the
defendant in failing to provide suitable means for preventing the presence of
fire in conjunction with naphtha gas, and in failing to warn the plaintiff of a
danger not obvious of which the defendant should have been aware; *also* that
the risk was not one which the plaintiff assumed as a part of his contract of
employment.

TORT for personal injuries sustained on August 7, 1911, when
the plaintiff was in the employ of the defendant, who carried
on business under the name of the Ballard Japanning Company.
Writ dated January 20, 1912.

In the Superior Court the case was tried before *Quinn,* J. The
declaration and the evidence are described in the opinion. At
the close of the evidence the judge refused to order a verdict for
the defendant. The defendant then asked the judge to make
the following rulings:

"1. On all the evidence, the plaintiff is not entitled to recover against the defendant Ballard.

"2. On all the evidence, the plaintiff is not entitled to recover against the defendant Ballard on the first count of his declaration.

"3. On all the evidence, the plaintiff is not entitled to recover against the defendant Ballard on the second count of his declaration.

"4. On all the evidence, the plaintiff is not entitled to recover against the defendant Ballard on the third count of his declaration."

"14. If the method openly used for extinguishing sparks on the bottom of the kettle at the time or just prior to the accident was the same that was openly used during the entire time of the plaintiff's employment, the defendant Ballard owed the plaintiff no duty to change the method.

"15. The only duty which the defendant Ballard would owe to the plaintiff would be to warn him of any danger in connection with the method openly used not apparent to a workman upon such examination as he would be expected to make when employed if he desired then to know the danger of that method.

"16. If the only danger in connection with that method was that the sparks in the soot would not be extinguished by water so thrown on it, no duty to warn existed, because the danger, if any, would be an obvious or apparent danger.

"17. If the chance that sparks in the soot on the bottom of the kettle might not be extinguished by water thrown upon the kettle is one of the necessary incidental risks of the business, the plaintiff cannot recover against the defendant Ballard.

"18. If the real cause of the explosion was the negligent way that the boiler Foley attempted to guard against the danger of explosion from sparks in the soot on the bottom of the kettle, or did the work in the method openly in use, the plaintiff is not entitled to recover against the defendant Ballard.

"19. If it is apparent to one who looks that throwing water upon the soot on the bottom of the kettle may not extinguish sparks in that soot, the defendant Ballard owed the plaintiff no duty to warn or instruct."

The judge refused to make these rulings, except the fifteenth,

which is held to have to have been given in substance as an instruction to the jury. The jury returned a verdict for the plaintiff in the sum of $6,000; and the defendant alleged exceptions, which, owing to the physical disability of *Quinn*, J., were not signed or returned by him and afterwards with the consent of the parties were allowed by *Jenney*, J.

The case was submitted on briefs.

*E. C. Stone,* for the defendant.

*M. F. Cunningham & M. M. Lynch,* for the plaintiff.

DE COURCY, J. The plaintiff's injuries were due to an explosion of naphtha which was being poured into a large kettle of daub in the process of compounding a coating to be used in the manufacture of patent leather.

That he was in the exercise of due care apparently is not controverted. The case was submitted to the jury on three counts, the first alleging a failure to provide safe and suitable appliances, the second a failure to warn and instruct the plaintiff as to dangers that were incident to his work, and the third setting forth a general allegation of negligence. The jury were warranted by the evidence in finding the following facts, most of which were undisputed.

The boiling shed, in which the daub was prepared, was four or five hundred feet distant from the defendant's factory building. The kettle used in the process was about three feet in height and in diameter with a capacity of from one hundred to one hundred and twenty gallons. It was mounted on a truck, the platform of which had a circular opening in which the kettle was inserted, so that the bottom of the kettle extended about six inches below the platform. Underneath was a burner, to which kerosene oil was supplied by means of an air pump. The process of cooking required a heating of the daub to a temperature of about six hundred degrees Fahrenheit; and after this was completed the burner always was extinguished, and the truck with the kettle was drawn into the yard, where the naphtha was added to the mixture.

It was of the gravest importance that no fire should exist in the vicinity of the kettle while the naphtha was being poured into it. The soot which gathered on the bottom of the kettle and under the iron platform during the process of heating in the boiling shed

was likely to retain sparks. The only means provided by the defendant for extinguishing any such sparks was a.pail of water and a small tomato can with which to throw the water underneath the kettle. The defendant's experienced boiler, one Foley, had notified her superintendent on two or three occasions that this method was. not an effective way to extinguish the sparks, and that a hose should be furnished for this purpose. On the afternoon of the accident, after Foley had cooked the mixture and had drawn the truck and kettle into the yard, he threw on water by the usual method.

The plaintiff's work was that of applying the first coating of daub to the leather, and it was performed within the factory. At about five o'clock he had finished his day's work and was changing his clothes to go home, when the superintendent ordered him to go out and help Foley. The kettle was then about twenty feet from the boiler house. Foley was engaged in stirring the mixture, and the only other persons present were the superintendent, the plaintiff and a fellow workman, one Brennan. The plaintiff never before had done any work about the kettle, nor had he had occasion to observe the process of preparing the daub; and no instruction or warning was given to him at this time. Foley directed the plaintiff and Brennan to dip pails into a large naphtha can that was near by, and to empty the naphtha into the kettle as fast as they could. As the naphtha was poured in, a sort of mist or vapor arose out of the kettle, spread and sank to the ground, and in two or three minutes occurred the explosion which injured the plaintiff. The jury, under the instructions of the presiding judge, must have found that the explosion was occasioned by an unextinguished spark that was concealed in the soot under the kettle.

The place where the plaintiff was set at work was one of peculiar danger. And the jury could find that the peril was due to a negligent failure on the part of the defendant to provide suitable means for preventing the presence of fire in the vicinity of a kettle where there was inflammable naphtha gas, and especially so after her superintendent had been notified of the inadequacy of the method adopted to extinguish the sparks. *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228. Again, the danger was not an obvious one and was unknown to the plaintiff, who was entirely unfamiliar

with the work and its attendant risks. But it could be found that the defendant's representatives did know or should have known that unextinguished sparks might be present under the kettle. In fact there was evidence that the mere throwing of water upon finely charred powder-like charcoal soot, which was at a temperature of five hundred and sixty-five degrees, would be likely to cause spontaneous combustion. Consequently the jury could find that the defendant was negligent in failing to warn the plaintiff of the danger of which she should have been aware. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227. This disposes of the first four requests for rulings. The presence of a spark underneath the kettle was not apparent in fact; and it does not appear that the plaintiff was present when the inadequate or careless process was used; accordingly the sixteenth and nineteenth requests were rightly refused. The fifteenth was sufficiently covered in the charge. The duty of providing a safe place for her workmen, and that of warning them as to dangers that were not obvious, were personal to the employer, and she could not escape liability by delegating them to a fellow servant; hence the defendant was not entitled to the eighteenth request.

The remaining rulings requested relate to the defense of assumption of risk. As to that, it is enough to say that the danger which resulted in the injury to the plaintiff was not within the scope of the work for which he was employed, and indeed was not even in existence at the time when he entered the defendant's employ. Accordingly the risk of this danger was not assumed as matter of law as a contractual one. Whether it was appreciated and assumed as matter of fact was for the jury, and the instructions on this point were accurate and adequate. And on that issue the jury well might consider that the plaintiff had a right to suppose, in the absence of anything to the contrary, that his employer had made whatever inspection was reasonably necessary for the purpose of seeing that no fire was present where it would explode the mixture of vaporized naphtha and air. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359.

The presiding judge was warranted in permitting the experienced employees Foley and Brennan and the chemist Miles to testify as experts, and the questions as to the safety of the method used by the defendant to extinguish the sparks were competent.

The fact that the employer had long employed an unsafe method for preventing a hidden danger gave her no vested right to continue it, especially as against this plaintiff, who was ignorant of the process to which the appliance had been subjected before he was ordered to pour naphtha into the kettle immediately before the explosion. *Erickson* v. *American Steel & Wire Co.* 193 Mass. 119. *Snow* v. *Housatonic Railroad,* 8 Allen, 441, 447.

The defendant claimed an exception "to such portions of the charge as were inconsistent with the foregoing requests for rulings." As the judge allowed the exception in that indefinite form, without asking to have the alleged inconsistencies specified, we consider it, but it is sufficient to repeat that the rulings requested were refused properly, with the exception of the fifteenth, which was given in substance.

*Exceptions overruled.*