CHARLES H. WILSON *vs.* GEORGE J. DANIELS.

Worcester.     September 28, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence,* Employer's liability, Contributory, Assumption of risk, In operation of corn husking machine. *Evidence,* Competency.

At the trial of an action by a farm laborer against his employer for personal injuries received when his hand was caught in the rolls of a corn husking machine, there was evidence that a week before the accident the plaintiff noticed that the machine was operating in an improper manner and that the brake was not right, and he called the defendant's attention thereto; that the defendant said he would have some one look the machine over; that later he assured the plaintiff that the machine had been fixed, was "all right," that there was no danger, and that the plaintiff could stop it "in a minute"; that while the plaintiff was feeding frozen corn to the husker it jumped, that the brake refused to

work, and the plaintiff's hand was drawn in; that the machine was out of order. *Held*, that the questions, whether the plaintiff was negligent, whether the plaintiff had assumed the risk of his injury, and whether the defendant was negligent, were for the jury.

At the trial of an action of tort for personal injuries, the plaintiff, without objection, testified that following the injury the defendant had been at the hospital to see the plaintiff when the plaintiff's son-in-law was present, and that previously the defendant had met the son-in-law at the plaintiff's home. The son-in-law testified that he had met the defendant at the hospital several times and on the day following the plaintiff's injury had had a conversation with the defendant in which the defendant made material admissions. The defendant in cross-examination denied having had such a conversation with the son-in-law and stated that he met him for the first time four months after the accident. Subject to exceptions by the defendant, the plaintiff then was permitted to introduce in rebuttal testimony by the son-in-law and one other witness to show that the defendant had met the son-in-law at the hospital. *Held*, that there was no error in the admission of the testimony in rebuttal, the statements by the defendant in cross-examination which it tended to contradict not being immaterial.

TORT for personal injuries received by the plaintiff while working for the defendant as a farm laborer in the operation of a corn husking machine. Writ dated November 16, 1920.

In the Superior Court, the action first was tried before *Burns*, J., when, after a verdict for the plaintiff in the sum of $5,000, exceptions by the defendant were sustained in a decision reported 250 Mass. 359.

The action again was tried before *Thayer*, J. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $7,500. The defendant alleged exceptions.

*J. A. Crotty*, (*J. Clark, Jr.*, with him,) for the defendant.
*C. E. Tupper*, for the plaintiff.

CARROLL, J. In this action of tort, at common law, the plaintiff recovered a verdict. The denial of the defendant's motion for a directed verdict, to which he excepted, presents the principal question for decision.

There was evidence that the plaintiff, who was without experience in operating machinery, was employed as a teamster on the defendant's farm. On the morning of the accident, the defendant directed him to go to work upon a corn husker. The jury viewed the machine. A week before the injury, while the plaintiff was working on this corn

husker, the machine "jumped," and the plaintiff informed the defendant it did not work right. The defendant said: "if anything is wrong with the machine . . . I will have Terry [the boss machinist of the mill] come up and look the machine over." On that occasion the plaintiff's glove was caught in the husker, and he said to the defendant, "The brake isn't right." On the day of the accident, when the plaintiff was ordered to work on the husker, he objected, and the defendant said, "There is no danger . . . . You can stop the machine in a minute"; that the husker was all right; that there was no danger whatever; that the machine had been fixed by Terry.

The plaintiff testified that some of the corn he was placing in the machine was "frozen hard, and full of ice, and I would feed it to the rolls along with this hand . . . the corn was so short and you had to get pretty close to the rolls to make that corn catch, and the machine when it caught me it seemed to jump and it struck them frozen pieces. . . . a bunch caught in the rolls. I grabbed to pull that bunch back so the rolls would carry it through, and my glove got caught and I was pulled in." He further testified: "When the machine jumped toward me and caught my glove, my fingers were six inches from the roll, or the corn was, it didn't go through"; that he instantly put his foot on the brake to stop the machine, that the brake failed to work, did not stop the machine, and his left hand was drawn into the rolls.

There was also evidence that at some time prior to the day of the plaintiff's injury, the clutch or collar of the shaft was broken; that at the time of the accident "there was no clutch on there and . . . the foot treadle would not stop the rolls"; that the defendant was aware of the defective condition of the machine; that he had said "he thought the machine was all right but it wasn't"; that he "had a fellow look at it . . . but he didn't look at it right"; that the plaintiff "could have stopped it if it was in decent shape"; "that the foot treadle was out of order and would not work." It appeared that the machine was on two skids, and "one side of the ground was higher than the other." There was

additional evidence bearing on the plaintiff's care, the assumption of the risk, and the defendant's negligence.

When the case was here before (250 Mass. 359), the defendant's exceptions were sustained because of error in the admission of evidence. The plaintiff's evidence in the case at bar was contradicted by the defendant and his witnesses; and some of the evidence differed from the evidence introduced at the earlier trial.

The case was submitted to the jury properly. It was for them to pass upon the facts. If they believed the testimony of the plaintiff and his witnesses, they could find that, taking into account his lack of experience and the assurance of the defendant that the machine was in condition to be operated, together with the plaintiff's statement of what he was doing and what he did to prevent the injury, he was in the exercise of due care. *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477. *Wilson* v. *Daniels, supra.*

The assumption of the plaintiff's risk also was for the jury. They could have found that he was ignorant of machinery; that the machine was at one time out of repair; that he had been assured it was safe, that it had been repaired, and he could work upon it in safety; and that if the brake were stepped on it would stop the machine at once. *Wilson* v. *Daniels, supra. Filosi* v. *Boston Woven Hose & Rubber Co.* 214 Mass. 408. The statements made by the defendant tended to show that the corn husker was defective; as did the evidence of its condition and operation. The negligence of the defendant in putting the plaintiff to work upon the machine, in view of all the evidence, was a question of fact.

On cross-examination the defendant was asked if he had met Dumas (the plaintiff's son-in-law) at the hospital while the plaintiff was an inmate. The defendant denied that he had ever seen Dumas at the hospital, and did not remember that he knew him before the accident to the plaintiff. The plaintiff called Dumas and another witness, who were allowed, subject to the defendant's exception, to contradict his testimony and to show that he had met Dumas at the hospital. The defendant contends that this was immaterial matter brought out in cross-examination, by which the

plaintiff was bound, and that he could not be allowed to contradict it. Immaterial matter appearing on the cross-examination of a witness cannot be contradicted. *Commonwealth* v. *Smith,* 162 Mass. 508. *Carr* v. *West End Street Railway,* 163 Mass. 360. *Merrigan* v. *Hall,* 175 Mass. 508. The plaintiff, however, in his direct examination, without objection, testified that he had seen the defendant at the hospital when Dumas was present; that before the plaintiff went to the hospital the defendant had met Dumas at the plaintiff's house. And Dumas also testified, before the defendant was called, "I met Mr. Daniels at the hospital several times." The accident occurred in November, 1919. Dumas testified that on the day following the injury he had a conversation with the defendant in which he admitted that the plaintiff could have stopped the machine "if it was in decent shape. . . . if the pedal worked he could have stopped it." "I supposed it was all right. I paid a man to look after it." The defendant denied that he had had this conversation with Dumas, and stated "I met him [Dumas] in the latter part of March." The subject matter was not immaterial. It was not brought out for the first time on cross-examination. There was no error of law in permitting the plaintiff to contradict these statements of the defendant.

*Exceptions overruled.*