ANTONIO COTOIA *vs.* E. KENNETH SEALE.

CARMINE COTOIA *vs.* SAME.

Essex.　November 17, 1939. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Negligence,* Employer's liability: duty to warn, assumption of risk; "Dog hospital."

A finding of negligence of the proprietor of a "dog hospital" toward a boy employed by him, who contracted a skin disease from handling diseased dogs, was warranted by evidence that the employer gave the employee no directions as to precautions against such infection in doing his work, that the employer should have known of the danger of infection, and that the danger was not so obvious that the employee, who did not know of it, should have known.

There is no so called "contractual assumption" by an employee of risks of injury existing when his employment begins but not known to him nor so obvious that he should be cognizant of them without warning.

TWO ACTIONS OF TORT. Writs in the Superior Court dated February 2, 1937.

At the trial before *Collins*, J., there was a verdict in the sum of $500 for each plaintiff. The defendant alleged exceptions.

The cases were submitted on briefs.

*F. E. Rafter*, for the defendant.

*R. A. A. Comparone*, for the plaintiffs.

DONAHUE, J. The plaintiff in the first case, a minor, has brought an action to recover damages for injuries received while in the employ of the defendant. He is hereinafter referred to as the plaintiff. The second action was brought by his father to recover consequential damages. A jury returned verdicts for the plaintiff and for his father. The sole question here presented is whether the judge was right in denying the defendant's motion for the direction of a verdict for the defendant in each case.

The defendant owned and operated an establishment called a "dog hospital" for the care and treatment of ailing dogs and other animals. He employed the plaintiff to work there, at first, while the plaintiff was attending school, on part time, and later on full time. Among the duties performed by the plaintiff was the handling of dogs that had diseases of the skin. He washed, cleaned, and applied preparations externally to such dogs. While in the employ of the defendant the plaintiff contracted a form of skin disease which grew steadily worse during a period of four months. He was treated by a local physician without relief and finally ceased to work for the defendant. He was then treated by a specialist in diseases of the skin and after several months of incapacity was able to go to work elsewhere.

There was medical testimony to the effect that the plaintiff's disease was known as moniliasis, that it could be contracted from handling diseased animals, and that, in the opinion of an expert in skin diseases, based on the history of the plaintiff's ailment and his condition, it came from handling such dogs. There was also expert evidence that skin diseases are transmissible from dogs to human beings handling dogs, and that it is the recognized practice and custom of persons conducting animal hospitals, and in the profession in the community where the defendant's establishment was located, to warn employees to wash their hands with soap and then with alcohol before and after

handling dogs with skin disease, both for the protection of the employees and to prevent such disease from spreading from one dog to another.

The plaintiff testified that he had no knowledge that skin diseases of dogs could be contracted by contact with the animals, that he was not told by the defendant to wash his hands with soap or other disinfectant or to wear gloves in handling such dogs, nor was he given any advice of a precautionary character.

The defendant testified that he gave no directions to the plaintiff as to taking precautions in handling diseased dogs, that there was no need to give such instructions, and that there was only one disease communicable by a dog to a human being, namely ringworm. He was a university graduate and had practised as a veterinary surgeon for nine years.

It is the duty of an employer who puts an employee to work in a place of danger that is known or should be known by him, to give to the employee such instructions and warnings as are reasonably required by the youth, inexperience or want of capacity of the employee. *Lawson* v. *Royal Riding Stables, Inc.* 305 Mass. 494, 499, and cases cited. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 230, 231. An employer is not relieved of such duty by the fact that the conditions constituting the danger are obvious, if the employee does not know or appreciate, and reasonably should not know or appreciate, the danger thus created. *O'Connor* v. *Adams*, 120 Mass. 427, 431. *Flaherty* v. *Powers*, 167 Mass. 61, 63. *Hodde* v. *Attleboro Manuf. Co.* 193 Mass. 237, 239. *Maddox* v. *Ballard*, 218 Mass. 55, 58–59. *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 280. A danger that could be apprehended only by persons possessing special experience or scientific knowledge is not so obvious as to render unnecessary a warning to an employee who did not have such knowledge or experience. *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 280. A person engaged in a business that in its ordinary operation involves dangers to the health of employees engaged therein has a duty to inform himself concerning such dangers. *Thompson* v. *United Laboratories Co.* 221 Mass. 276, 280–281.

In the present case the jury were warranted in finding that the plaintiff did not know of, or appreciate, the danger from infection in handling sick dogs, that such danger would ordinarily be known only to persons possessing scientific knowledge, and that the danger was not so obvious as to relieve the defendant from his duty to warn or instruct the plaintiff. The jury further could have found that the danger of such infection was known to persons operating establishments similar to the defendant's and that the danger was one that the defendant knew or should have known. There was warrant therefore for the finding that the defendant was negligent in failing to warn or instruct the plaintiff of the danger of infection from handling dogs with skin diseases.

The defendant's contention that the plaintiff could not recover because of a "contractual assumption" of the risk of infection is not sound since that doctrine when applicable applies only to dangers that obviously exist. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 188–189. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432.

*Exceptions overruled.*