MARGARET WOOD vs. NATIONAL THEATRE CO.

ALBERT E. WOOD vs. SAME.

Suffolk.    April 10, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Theatre, One owning or controlling real estate, Assumption of risk, Independent contractor.

Evidence respecting the circumstances in which an acrobat was injured through contact with a raised edge of a steel plate in the floor of a theatre stage warranted findings that the condition of the plate would not have been apparent to him upon a reasonable examination and that the risk of injury therefrom was not assumed by him, that the plate had been in that condition long enough for the proprietor of the theatre to have discovered and remedied it, and that the proprietor was negligent.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated May 31, 1939.

The actions were tried before *Goldberg*, J.

*E. C. Park*, for the defendant.

*D. S. Smith*, for the plaintiffs.

Cox, J.    Margaret Wood, hereinafter referred to as the plaintiff, brought an action of tort to recover damages for personal injuries allegedly sustained as the result of the defendant's negligence, on November 3, 1933, when she was nineteen years old.    Albert E. Wood, her father, brought his action to recover his consequential damages.    The jury returned a verdict for the plaintiff in each case, and the only exceptions are to the denial of the defendant's motion for a directed verdict in each case.

The jury could have found that, on the day of her injuries, the plaintiff was employed to dance in a theatre that was in the control of the defendant and had been for some years prior thereto.    She performed at the matinée and in the evening.    It was the first time she had been on that stage.    In the evening, in the course of her act, when she was doing

what she described as a "flip-flop," as a part of which "you go right back on your back, and your whole back hits the floor," she went on her back and struck a steel plate on the stage, thereby sustaining her injuries. When she felt the pain in her back, she worked over to see what had caused it, putting her hand on the floor, and felt the steel plate that was raised about a quarter of an inch or so from the floor. She observed that it was about five by five inches, of a dirty gray color, rusty and with sharp edges. One side of the plate was embedded and the other was sticking up about a quarter of an inch. It was partially in and out of the hole, not new, and apparently had been there a long time. The opening for this plate was slightly smaller than the plate which would not fit in "right close." One corner always stuck up. When stamped on, one corner would always come right up about a quarter of an inch. There was always a little edge up. The normal position of the plate was "smooth." Apparently the plate was a part of the sprinkler system. The plaintiff testified that the plate was there to be seen if she had looked; that it was visible in the afternoon, but she did not even notice it, nor did she notice it in the evening until her back came in contact with it; and that it could have been seen by one walking on the stage. She also testified that it could not have been her act that caused the plate to lift.

Whether the plaintiff was an employee of the defendant or an employee of an independent contractor, the defendant owed her the duty of reasonable care to have the stage where she was to perform her act safe for her use, in the absence of any express or implied terms of the contract of employment modifying that duty. It was an employment condition, however, that the plaintiff was to work upon the stage in the condition in which, if she made a reasonable examination, it appeared to be, and the defendant was not obliged to raise it to a higher standard for her benefit. She assumed the risk of the condition of the premises, except as to defects that such an examination would fail to reveal. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, 365, and cases cited.

The jury could have found that the plate had existed in the position described long enough for the defendant to be charged with knowledge of its condition (see *Gould* v. *Boston Elevated Railway*, 191 Mass. 396), and we are of opinion that it was for the jury to determine whether the condition of the plate was such that the defendant could have been found to be negligent in maintaining it and in not warning the plaintiff of its condition. There was evidence that normally the surface of the plate was a little lower than the level of the floor, about one quarter of an inch; that when the plate was inspected by the fire department a screwdriver was used to pry the plate open, and it would then come out of its position. The manager of the theatre testified that never in his experience had he seen the plate thrown out of its position as the result of any act, and that thumping on the floor would not displace it. It is true that a plate or other object that is raised or protrudes one quarter inch only, as a rule is not regarded as a defect, and there are many cases involving landlords and tenants where this has been said. We are of opinion, however, that the situation in the case at bar is a little different. It is not unreasonable to assume that the defendant knew what the plaintiff's act was to be, and its duty related to the condition of the stage upon which the plaintiff was to perform. The plaintiff's act, as described by her, was acrobatic to say the least, and the jury could have found that the stage was not reasonably safe for her use.

Was the condition of the plate, as it could have been found to be by the jury, open and obvious to a reasonably prudent person making such examination as he might be expected to make if he wished to ascertain the nature and perils of the prospective service? *Crimmins* v. *Booth*, 202 Mass. 17, 23. The plaintiff had a right to rely to a reasonable extent upon the assumption that a reasonably safe stage had been provided, although it is true that obvious risks are assumed, even though they are unusual ones. If risks are obvious, the failure of an employee to make an inspection amounts to his taking his chances. *Barrett* v. *Builders' Patent Scaffolding Co. Inc.*, ante, 45, 46,

and cases cited. Admittedly the plaintiff could have seen the plate if she had looked. She did not, in fact, notice it until after she had been injured. It was for the jury to determine whether the condition of the plate was obvious, that is, whether the plaintiff could have seen and understood its condition if she had looked. It was also for the jury to say whether a reasonable examination of the stage would have disclosed the condition that caused the plaintiff's injuries. Each case must depend upon its own peculiar facts, and we are of opinion that it cannot quite be said, as matter of law, that the risk was so obvious that the plaintiff assumed it, or that she was contributorily negligent. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, and cases cited. *Barrett* v. *Builders' Patent Scaffolding Co. Inc., ante,* 41, 45, and cases cited.

*Exceptions overruled.*