MARY RYAN *vs.* MRS. GERALD H. GRAY.

Suffolk.     May 7, 1942. — June 1, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Negligence,* Employer's liability: warning, place of work, assumption of risk; One owning or controlling real estate; Contributory.

Evidence of the circumstances in which a recently employed domestic servant, having been directed to a "closet" in a dimly lighted basement corridor for a pail which she desired to use in her work, opened "the door," "stepped in" and fell down a flight of stairs leading immediately from the door to a subbasement and was injured, warranted a finding of negligence on the part of the employer toward the servant and did not require a ruling that the servant contractually or voluntarily assumed the risk of her injury or a ruling that she was guilty of contributory negligence.

TORT. Writ in the Superior Court dated November 3, 1939.

The action was tried before *Donahue,* J. There was a verdict for the plaintiff. The defendant alleged exceptions.

*J. A. Bradley,* for the defendant.

*E. J. Donlan,* for the plaintiff.

RONAN, J. The plaintiff was hired on November 7, 1938, as a cook by the defendant. She was requested to clean the kitchen and was told that if she needed any equipment or utensils the porter would tell her as "he knew where everything was to do work with." The kitchen was located at one end of a hallway which led to the front of the house. This hallway was in the basement and was below the level of the sidewalk. It had no window. On the second day of her employment she started to clean the kitchen. She asked the porter for a pail. He told her that she would find

one in a closet to which he pointed. There was light in the hallway that came from the kitchen window and there was light that reflected from the laundry. She "went along the hallway and opened the door, 'and saw a pail and reached for it or supposed I was reaching for it and stepped in'" and fell to the subbasement. It turned out that a flight of stairs led immediately from the door to the subbasement and that a pail or hand basin was located upon the top of a pile of wood and at about the level of the floor, if there had been one. She knew that some of the bulbs were missing from the electric light sockets in the hallway. There was also evidence that the door she opened was only five or six feet from the kitchen and that "There was a light in the kitchen and a good light from the kitchen window."

The defendant was bound to exercise reasonable care to have and maintain the premises in a safe condition for the use of the employee in the performance of the work she was hired to do, and the employee assumed the risk of the conditions of the premises that were apparent from a reasonable examination. If the conditions would not be revealed by such an examination, then the employer was under a duty to warn the employee of the dangers arising from such conditions. And the duty to keep the premises in a reasonably safe condition, to give warning of the dangers that might arise from conditions which the employee would not be likely to know, and to furnish proper utensils for the accomplishment of the work, was the personal obligation of the employer which she could not delegate to the porter or anyone else. *Falardeau* v. *Hoar*, 192 Mass. 263. *Morena* v. *Winston*, 194 Mass. 378, 384. *Flynn* v. *Prince, Collins & Marston Co.* 198 Mass. 224, 227. *Grace* v. *United Society called Shakers*, 203 Mass. 355, 357. *Foley* v. *J. R. Whipple Co.* 214 Mass. 499. *Maddox* v. *Ballard*, 218 Mass. 55, 59. *Fitzgerald* v. *Young*, 225 Mass. 116, 123. *Cronan* v. *Armitage*, 285 Mass. 520, 525. *Wood* v. *National Theatre Co.* 311 Mass. 550. *Roberts* v. *Frank's Inc.* 314 Mass. 42.

The place where the plaintiff was injured could be found to be within the zone of her employment, and the failure to warn the employee that the room was without any floor

but was merely an entrance to a subbasement, especially in view of the dim lighting conditions existing in the hallway, could be found to be negligence upon the part of the employer. *Falardeau* v. *Hoar*, 192 Mass. 263. *Foley* v. *J. R. Whipple Co.* 214 Mass. 499. *Simpson* v. *Phillipsdale Paper Mill Co.* 227 Mass. 430. *Manning* v. *Prouty*, 260 Mass. 399.

The defendant contends that the plaintiff is barred from recovery by her contractual assumption of risk. But the short answer to this contention is that the jury were not required to find that injury arose from any conditions that were known or ought to have been known to the plaintiff. *Ashton* v. *Boston & Maine Railroad*, 222 Mass. 65. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186. *Engel* v. *Boston Ice Co.* 295 Mass. 428. *Cotoia* v. *Seale*, 306 Mass. 101.

The answer set up contributory negligence and voluntary assumption of risk. An employee does not voluntarily assume the risk of injury unless the employer upon whom the burden rests proves that the cause of the injury was so open and obvious that it was known to the employee and that the nature and character of the risk were such that the employee must have fully appreciated the danger that might arise therefrom. The plaintiff, however, is not shown to have had any knowledge of the conditions existing in the closet, so called, which in fact turned out not to be a closet at all. The failure of the defendant to furnish sufficient light in the hallway might well have been found to have been a factor in delaying the plaintiff from ascertaining the actual conditions until it was too late to avoid falling into the subbasement. On the evidence it is plain that the jury were not required to find that the plaintiff had voluntarily assumed the risk of falling into the subbasement. *Barrett* v. *New England Telephone & Telegraph Co.* 201 Mass. 117. *Wilson* v. *Daniels*, 257 Mass. 234.

The jury could find that the plaintiff had a right to rely to some extent on what the porter had told her and assume that she was stepping into a closet; that this assumption was strengthened by the position of the pail or hand basin which was at such a level as to indicate it was resting upon a floor; and that the light was sufficient to justify the

plaintiff in proceeding along the hallway and in supposing that she was going into the "closet" to accomplish something which as far as she knew or ought to have known was a harmless journey incidental to her employment. The question of contributory negligence was properly left to the jury. *Goldstein* v. *Slutsky*, 254 Mass. 501. *Lukas* v. *Reece*, 264 Mass. 312. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176. *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540. *Story* v. *Lyon Realty Corp.* 308 Mass. 66.

*Exceptions overruled.*