JAMES M. TAYLOR *vs.* NEWCOMB BAKING COMPANY.

Middlesex.    December 7, 8, 1944. — February 5, 1945.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Negligence,* Employer's liability: dangerous substance, assumption of risk, warning.

Evidence, at the trial of an action by an employee against his employer, not insured under the workmen's compensation act, that soap having a base of trisodium phosphate, provided by the defendant for use of the plaintiff in washing pots and trays, caused him to suffer a dermatitis due to chemical irritation which was suffered by a "large percentage of people" in industry and which was "a common situation in a good class of people" and "known to be common amongst the trade"; that methods of protection by gloves and ointments were common in the industry; and that at the time of the employment of the plaintiff in 1941 he was inexperienced in such matters and was neither warned of the character of the soap nor given means of protection, warranted findings that the defendant knew or ought to have known of the danger of injury to the plaintiff, that the plaintiff did not know of such danger and that the defendant should have realized that he did not know of it, that the plaintiff had not "contractually" assumed the risk of injury, and that his injury was due to negligence of the defendant.

TORT. Writ in the Superior Court dated February 22 [*sic*], 1942.

The case was tried before *Morton,* J.

*M. Rosenthal,* for the plaintiff.

*A. W. Gilkerson,* for the defendant.

QUA, J. This is an action by an employee against an employer not insured under the workmen's compensation law to recover for personal injury claimed to have been due to the effect of strong soap upon the plaintiff's skin.

At the time when the plaintiff was employed, "about March of 1941," and at the time of the alleged injury two or three weeks later, contractual assumption of risk was a defence, or speaking more accurately, it excused the defendant from the duty of care with respect to the risk assumed. *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65. *Doherty* v. *Paul's for Tires, Inc.* 314 Mass. 83, 85. See now G. L. (Ter. Ed.) c. 152, § 66, as appearing in St. 1943, c. 529, § 9A. Contributory negligence was not a defence. G. L. (Ter. Ed.) c. 152, § 66. After a verdict for the plaintiff the judge entered a verdict for the defendant on leave reserved.

The following is a summary of the significant evidence: The plaintiff was employed to wash pots and trays in the defendant's bakery. He had never done that work before. One Newcomb, the defendant's president, treasurer, and clerk, who acted for the defendant in hiring the plaintiff, "didn't have much to say." He "just showed" the plaintiff what work to do and how to do it and how much soap to put into the tank. Two or three weeks later the plaintiff spoke to Newcomb about a rash on his hands, and Newcomb said that the soap powder was "pretty strong," and that a previous employee had had trouble with it. After that Newcomb provided rubber gloves for the plaintiff. The plaintiff had never before had "the itch that he developed at the baking company." It "went right through . . . [his] system" and obliged him to go to a hospital. The soap had a base of trisodium phosphate. There was testimony by a physician specializing in industrial medicine that there is "quite a percentage of people" who are "so called hypersensitive individuals" who "many times" will develop an irritation from soap powder or any

irritant; that in industry "we have a large percentage of people that suffer from a dermatitis due to chemical irritation"; that that "is a common situation in a good class of people" and "is known to be common amongst the trade"; that methods of protection by means of gloves and protective ointments "are common in the industry"; that the use of trisodium phosphate by the plaintiff would be an adequate cause for the dermatitis that he developed; and that he was "firmly convinced that this . . . [was] a typical picture of dermatitis venenata, chemical in nature, due to an irritant."

Plainly the jury could find that the plaintiff's condition was caused by the soap powder. The point need not be labored.

It was the defendant's common law duty to furnish the plaintiff safe materials with which to work or to warn him of any dangers of which the defendant knew or ought to have known and which were not reasonably obvious to the plaintiff. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230, 234. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 432. *Roberts* v. *Frank's Inc.* 314 Mass. 42, 45. It could have been found that the defendant knew or ought to have known that this "strong" soap powder which had caused trouble before might cause trouble again, and that it knew or ought to have known whatever is "known to be common amongst the trade," to wit, that the soap powder was a possible source of danger to a class of persons of whom the plaintiff might be one. It is not necessary that the majority of possible employees be susceptible. It is enough if a sufficient number are susceptible so that a jury could reasonably say that the defendant ought to have known and recognized the danger of injury and ought to have guarded against it. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 473. Compare *Bradt* v. *Hollaway*, 242 Mass. 446. See *Payne* v. *R. H. White Co.* 314 Mass. 63. It could also be found that the plaintiff, inexperienced in such matters, did not know the strength of the soap powder or that danger of poisoning lurked in it, and that the defendant ought to

have realized that the plaintiff was not likely to know. All the conditions of the work were open and obvious, except the crucially important one that the soap used in the quantity used was dangerous.

It follows that the jury could find that the plaintiff did not contractually assume the risk, and that the defendant was negligent. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 232. *Maddox* v. *Ballard*, 218 Mass. 55. *Thompson* v. *United Laboratories Co.* 221 Mass. 276. *Murphy* v. *Old Colony Street Railway*, 230 Mass. 333. *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230. *Cronan* .v. *Armitage*, 285 Mass. 520. *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448. *Wood* v. *Canadian Imperial Dry Inc.* 296 Mass. 80. *Cotoia* v. *Seale*, 306 Mass. 101.

The plaintiff's exceptions are sustained. The verdict for the defendant entered by the judge is set aside, and judgment is to be entered for the plaintiff on the verdict of the jury.

*So ordered.*