FEDERAL DEPOSIT INSURANCE CORPORATION, as Liquidating Agent of Heritage Bank for Savings, Appellant,

v.

David M. NICKLESS, Trustee, Appellee/Cross Appellant.

No. Civ.A. 98–40252–WGY.

United States District Court, D. Massachusetts.

April 21, 1999.

Fred A. McCoy, Wilbraham, MA, for Baldev Singh, debtor.

David M. Nickless, Nickless & Phillips, Fitchburg, MA, Pro se.

Frank M. Cadigan, FDIC Legal Division, East Hartford, CT, Nicholas Katsonis, de Verges & Katsonis, Worcester, MA, for Federal Deposit Insurance Corporation.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. INTRODUCTION

This is an appeal of a judgment rendered by the United States Bankruptcy Court, *Nickless v. Federal Deposit Ins. Corp.*, Adv.Proc. No. 97–4340 (Bankr. D.Mass. November 2, 1998) (Queenan, B.J.), that awarded David Nickless ("Nickless") $62,456 plus prejudgment interest to be paid by the Federal Deposit Insurance Corporation ("Federal Deposit"). Federal Deposit seeks reversal of the judgment below. Nickless, on the other hand, seeks an increased damages award by cross-appeal.

## II. BACKGROUND

The Adversary Proceeding between Nickless and Federal Deposit in the Bankruptcy Court concerned a building in Northampton, Massachusetts (the "Property") owned by Baldev Singh ("Singh") and mortgaged to Heritage Savings Bank ("Heritage"). As a result of Singh's default on that mortgage, Federal Deposit[1] held the Property as a mortgagee-in-possession between 1992 and 1995. The Bankruptcy Court held that Federal Deposit negligently managed the Property as mortgagee-in-possession and was liable to Singh[2] for various monetary damages sustained thereby. *See* Record at 217–21. The Bankruptcy Court cited Federal Deposit for six acts of negligent management: (i) failure to pay real estate taxes assessed to the property, (ii) failure to collect sufficient rent from one of Singh's tenants, (iii) failure to collect past due rent from Singh's tenants, (iv) failure to enforce provisions in the Property's commercial leases for additional rent to pay real estate taxes, (v) failure to invest collected rent in an interest-bearing account, and (vi) failure to reduce commissions paid to Federal Deposit's property manager. *See id.* at 217–20.

On appeal here, Federal Deposit does not challenge the factual findings of the Bankruptcy Judge. Rather, it contends that its **duty**, in the circumstances of this case, is limited to Heritage's contractual agreement with Singh as expressed in the Collateral Assignment of Rents (the "Collateral Assignment").

## III. ANALYSIS

Several Massachusetts statutes address the duties of a mortgagee-in-possession. *See* Mass.Gen.Law ch. 244, §§ 11–17B and 20. Enforcement of these statutory duties through an action in tort may not be limited by private contract. *See Henry v. Mansfield Beauty Academy,*

*Inc.,* 353 Mass. 507, 510–511, 233 N.E.2d 22 (1968) (R. Wilkins, C.J.) ("The plaintiff could make a valid contract exempting the defendant from liability to her for injuries resulting from its negligence[,]" but "such a contract cannot serve to shield the defendant from responsibility for violation of a statutory duty."); *see also North Am. Consol., Inc. v. Kopka,* 644 F.Supp. 191, 195 (D.Mass.1986) (citing Henry); *Federal Deposit Ins. Corp. v. Fordham,* 130 B.R. 632, 646 (Bankr.D.Mass.1991) (Queenan, B.J.) (citing *Henry* ).

The central issue in this appeal is, therefore, one of Massachusetts statutory interpretation, viz. does the statutory duty to make an "accounting" simply mean to keep track of income and disbursements, as Federal Deposit contends, or does the statutory scheme import something more? This is a question of considerable importance to conveyancers, the real estate bar, consumers, bankers, the commercial lending industry, the Massachusetts Department of Revenue, and the Northampton tax assessors. It is the type of issue that one would expect would receive exhaustive briefing and the attention of amici curiae. This is especially the case here, where the Court's interpretation may affect the settled approach of mortgagees who, as Federal Deposit admitted with commendable candor at oral argument, draft mortgage documents to free themselves of **any** obligation insofar as statutorily possible.

The Collateral Assignment in this case is a prime example. The Collateral Assignment granted Heritage, and thus Federal Deposit as its successor-in-interest, the right to determine *"in its sole discretion,"* Def. Ex. 15 ¶ 4, whether to apply collected rent to pay taxes and assessments and to determine the reasonable value of a property manager's services as well as the right "to rent or lease the whole or any part of the Premises for such term or terms and on such condition as [Heritage]

---

1. Federal Deposit replaced Heritage as receiver after the Superintendent of Banks declared Heritage insolvent in 1992.

2. Nickless is Singh's Bankruptcy Trustee.

*may deem proper,*" *id.* at ¶ 2(c) (emphasis added). Moreover, although Federal Deposit could, in its discretion, use collected rent to pay taxes, the Collateral Assignment states that "payment of principal and interest on all mortgages shall be paid first." *Id.* at ¶ 4. Thus, under the Collateral Assignment, Federal Deposit could—and did—prefer its own interests to those of the locality, who at all times were providing tax supported police, fire, and other necessary public services to the premises. Consequently, Federal Deposit paid itself off in full, leaving the local taxpayers only recourse to the United States Bankruptcy Court. Perhaps this is the result intended by the Massachusetts legislature. Perhaps not.

The problem with this appeal is that neither of the parties has devoted any consideration whatsoever to the controlling issue—the reach of the Massachusetts statutes. Federal Deposit put the Collateral Assignment in evidence, *see* Record at 23, and twice argued that it was controlling, *see id.* at 34–35, 201–02, but the Bankruptcy Court did not address the Collateral Assignment in its findings of fact and rulings of law. *See id.* at 215–17. Apparently, the Bankruptcy Judge concluded that there was some other source of duty against which to measure Federal Deposit's duty. He nowhere indicates what it is, however, and as neither party mentioned the Massachusetts statutory framework, he made no mention of it. Indeed, it was not until Nickless filed his reply brief that any of these litigants seemed to think Massachusetts law might possibly supply the contours of Federal Deposit's duty here.

In these circumstances, it is the better part of valor to remand to the Bankruptcy Court for further proceedings in accordance with this opinion. While the ultimate issue may be one of law, i.e. Massachusetts statutory interpretation, the application of that law to the factual record is a matter committed to the Bankruptcy Court, and the Bankruptcy Judge ought have first crack at these important issues. This Court expresses no opinion, however, as to whether cited acts of Federal Deposit's mismanagement fall outside the statutory duties required of a mortgagee-in-possession and thus could have been legitimately waived by contract. *See, e.g., Wood . v. National Theatre Co.,* 311 Mass. 550, 551, 42 N.E.2d 536 (1942); *Zavras v. Capeway Rovers Motorcycle Club, Inc.,* 44 Mass. App.Ct. 17, 18, 687 N.E.2d 1263 (1997). The Bankruptcy Court is in the best position to make such a determination.

## IV. CONCLUSION

The decision of the Bankruptcy Court is VACATED and the case is REMANDED for further proceedings consistent with this opinion. Nickless' cross-appeal is now rendered moot.