ISAAC ROBERTS *vs.* KENNETH L. REYNOLDS.

Essex.   October 8, 1954. — December 23, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Employer's liability: effect of workmen's compensation act, assumption of risk, contributory negligence.  *Workmen's Compensation Act,* To whom act applies.

A boat builder who had only one employee and was not a subscriber under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, was, by § 66, as amended, deprived of the defences of contributory negligence and voluntary and contractual assumption of risk in an action of tort against him by the employee for personal injuries sustained in 1952 while operating a wood joiner machine in the course of his employment.

TORT against one engaged in the business of building and selling boats.   Writ in the Central District Court of Northern Essex dated May 14, 1952.

The action was heard by *Cavan,* J.

*Herbert F. Finbury,* for the defendant.

*Jason S. Cohen,* for the plaintiff.

WILLIAMS, J.   This is an action of tort by an employee to recover from his employer damages for personal injuries received while working on a machine known as a wood joiner.   It was alleged in count 1 of the declaration that the defendant ·was negligent in failing to furnish a guard for the machine, in count 2 that the defendant employed three or more employees and being without workmen's compensation insurance was deprived of the defences specified in G. L. (Ter. Ed.) c. 152, § 66, and in count 3 that the defendant was liable under the provisions of the employers' liability act, G. L. (Ter. Ed.) c. 153.   The defendant's answer contained a general denial and allegations of the plaintiff's contributory negligence and assumption of risk.

There was evidence that the plaintiff received injuries to his hand in the course of his employment on March 19, 1952,

while operating a wood joiner which was not equipped with an adjustable guard as required by the regulations of the department of labor and industries. The judge found that if there had been a guard on the machine the accident would not have happened; that the defendant was negligent; that he had no workmen's compensation insurance; and that the plaintiff was his only employee. He ruled that the defendant was "deprived of setting up contributory negligence, voluntary and contractual assumption of risk and the fellow servant rule," and found generally for the plaintiff. He denied a motion by the defendant for a new trial. The case was reported to the Appellate Division on the questions of law raised by the denial of certain requests of the defendant for rulings and by the denial of his motion for a new trial.

The report was dismissed and the defendant appealed. Apart from the matter of a new trial his argument before this court concerns only the denial of the rulings relating to the alleged defences of contributory negligence and assumption of risk. He contends that he was entitled to those defences.

The workmen's compensation act, G. L. (Ter. Ed.) c. 152, as it stood prior to 1943, applied to all employers of persons who were defined as employees by § 1 (4), as amended by St. 1935, c. 406. It applied to all such employers regardless of the number of persons they employed. Acceptance of the provisions of the act was optional. See *Alecks's Case*, 301 Mass. 403, 404, 406; *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 642; *Opinion of the Justices*, 309 Mass. 571, 594.

If an employer did not take out compensation insurance and become subject to the administrative provisions of the act he could be sued by an injured employee either at common law or under the employers' liability act. In the event of such suit the employer was prohibited by § 66 of the act from setting up in defence that the employee was negligent, that the injury was caused by the negligence of a fellow employee, and that the employee had assumed the risk of the injury. The provisions of § 66 applied to all employers

except the employers of domestic servants and farm laborers. Such employers were specifically relieved by § 67 from the effect of § 66.[1] The act was amended by St. 1943, c. 529, which in § 7 made the taking out of insurance under the act compulsory. Under § 3 of that statute changes, not here material, were made in the definition of "Employee" and the following clause was added to § 1 (4) of the act. "The provisions of this chapter [c. 152] shall remain elective as to employers of the following: — persons employing six or less, or persons employed as domestic servants and farm laborers, members of an employer's family dwelling in his household, and persons other than laborers, workmen and mechanics employed by religious, charitable or educational institutions." The act was later amended by St. 1945, c. 369, which changed the provision relating to employers of six or less to employers of three or less, added telephone companies subject to the Federal communications act to the class of employers having the privilege of election, and struck out the provision relating to members of the employer's family.

It is apparent that the legal position of an employer of three or less, when sued by an injured employee, remained the same as it was before the amendments of 1943 and 1945. By the words "shall remain elective" it was specifically provided that he retain his option of insuring under the act. If, however, he failed to insure he continued, by reason of § 66, to be deprived of the common law defences therein specified. See *Price* v. *Railway Express Agency, Inc.* 322 Mass. 476.

Chapter 529 of St. 1943 also amended §§ 66 and 67. By § 9A it was specified that the provision relating to assumption of risk in clause 3 of § 66 applied to both voluntary and contractual· assumption of risk. It also added to § 66 a fourth paragraph depriving the employer of the defence "That the employee's injury did not result from negligence or other fault of the employer, if such injury arose out of and in the course of employment."

---

[1] As to charitable corporations see *Zoulalian* v. *New England Sanatorium & Benevolent Association*, 230 Mass. 102, 106.

This additional deprivation was made inapplicable to employers who retained a right to elect under § 1 (4) by the addition to § 67 of a second paragraph reading, "Paragraph 4 of said section sixty-six shall not apply to actions to recover damages for personal injuries sustained by any person, whose employer has a right of election as provided in paragraph 4 of section one."

From this review of the pertinent provisions of the act and its amendments we think it clear that the defendant has no right to the defences which he alleges. The plaintiff was obliged to prove the defendant's negligence and it has been found that he has done so. The requests for rulings favorable to the defendant relating to contributory negligence and assumption of risk were properly denied.

The denial of the motion for a new trial was discretionary and presents no question of law.

*Order dismissing report affirmed.*