ELLEN FLYNN *vs.* BEATRICE L. GARBER & another.[1]

Norfolk.  February 7, 1956. — March 6, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Negligence*, Employer's liability: place of work, assumption of risk; One owning or controlling real estate.

> The owner of a house was not liable to a woman employed therein for personal injuries sustained when she slipped and fell upon a raised tile border with a beveled edge extending out from the bottom of the bathtub a few inches, where the border did not constitute a defect and, even if it had, should have been obvious to her when she entered the bathroom.

TORT.  Writ in the Superior Court dated March 24, 1953.

The action was tried before *Brogna, J.*

*Charles J. Kickham, Jr.*, for the plaintiff.

*Walter F. Henneberry, (Arthur L. Brown* with him,) for the defendants.

COUNIHAN, J.  This is an action of tort to recover damages for personal injuries sustained by the plaintiff and allegedly caused by the defendants' negligence in the maintenance of premises owned and occupied by them.  The defendants' answer included a plea of assumption of the risk.  The jury returned a verdict for the plaintiff and the judge on motion, under leave reserved, entered a verdict for the defendants.  The action comes here upon the plaintiff's exception to the entry of the verdict for the defendants and upon exceptions of the defendants to portions of the judge's charge.  In the course of argument before us the defendants agreed to waive their exceptions if the plaintiff's exception is overruled.  Because of what shall hereinafter appear we find no merit in the plaintiff's exception and we therefore do not consider the defendant's exceptions.

---

[1] Bernard Garber, her husband.

The evidence in its aspects most favorable to the plaintiff discloses that on November 6, 1952, Mrs. Garber, hereinafter called the defendant, called upon an employment agency to furnish her with someone to do housework. As a result the agency sent the plaintiff, who was about seventy-two years old, to the home of the defendant where she arrived at about 9 A.M. When she got there the defendant invited her upstairs to the second floor and directed her to the bathroom to change her clothes. The bathroom was long, narrow, and dimly lighted; the electric light in it was not turned on. The plaintiff removed her street clothes, which she wore over her work dress, and placed them on a hamper located near the bathtub because there were night clothes on a hook on the bathroom door. After that she turned around with her back to the tub and started to leave the bathroom, when she slipped upon a tile border around the bottom of the tub and fell backward into the tub. The bathroom had a light tile floor and there was a yellow tile border at the bottom of the tub which was separated from the tile floor by a beveled strip of black tile. This border was three quarters of an inch in height above the bathroom floor level and extended out from the tub from four and one half to six inches. The plaintiff admitted that she made no examination or inspection of the bathroom or the floor before the accident, and there was no evidence of broken tile or any obstruction other than the tile border, if this may be called an obstruction.

We have before us a photograph of the floor of the bathroom and the tub which was an exhibit in the trial court. An examination of this photograph discloses no defect or improper construction of the floor or tub so we are unable to observe any condition which would warrant the jury in finding that the defendants were guilty of any negligence in their duty to the plaintiff. We are inclined to believe that when the alleged accident happened the plaintiff was an employee of the defendants. In these circumstances "[t]he defendant was bound to exercise reasonable care to have and maintain the premises in a safe condition for the

use of the employee . . . and the employee assumed the risk of the conditions of the premises that were apparent from a reasonable examination." *Ryan* v. *Gray*, 316 Mass. 259, 260. "It is implied in the contract of employment that the person employed is to work upon the premises in the condition in which, if he makes a reasonable examination, the premises will appear to be, and that the employer is not obliged to raise them to a higher standard for the employee's benefit. The employee, as it is said, assumes the risk of the condition of the premises, except as to defects which such an examination would fail to reveal." *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364, 365.

The plaintiff argues that the tile border and beveled edge created a defect in the bathroom floor which caused injury to the plaintiff. We do not accept this contention of the plaintiff, but even if we did we are of opinion that the alleged defect should have been so obvious to the plaintiff when she entered the bathroom that she necessarily assumed the risk of being injured by such condition. This opinion is that of a majority of the court.

*Plaintiff's exceptions overruled.*
*Defendants' exceptions dismissed.*