*Northern District*

No. 4896

## WILLIAM J. MAHONEY

v.

## WALTER REED CORPORATION

(September 10, 1956)

*Connelly, J.* In this action of tort the plaintiff sues the defendant for property damage to his automobile, which collided with an island dividing the highway on the Mystic Valley Parkway, Medford, the defendant having constructed the island under a contract with the Metropolitan District Commission. The plaintiff alleged negligence on the part of the defendant. The defendant's answer was a general denial and set up the defenses of contributory negligence, statutory violation and illegal registration on the part of the plaintiff.

*There was evidence tending to show* "that the defendant company had been doing construction on the Mystic Valley Parkway on and prior to May 28, 1954, under a contract with the Metropolitan District Commission, an agency of the Commonwealth of Massachusetts. The Parkway begins at Main Street in Medford and runs past the Medford Public Works Building. On the afternoon of May 28, 1954, at the request of the Metropolitan District Commission, the defendant opened that stretch of the parkway that runs from Main Street past the Medford Public Works Building to the public. The defendant had widened the road and created islands in the middle to make it two lanes on each side. Previous to May 28, 1954, this road had been closed. The defendant was in control of this work and had completed construction with respect to this part of the Parkway on May 28, 1954, prior to opening the road. Approximately opposite to the Medford Public Works Building, there was an island about 10 feet wide with 35 feet of roadway on each side bounded by a curb. This island was 12 to 15 inches high. On the evening of that day at about 9 P.M. Jay John Mahoney, with the per-

mission of the plaintiff, his father, drove the plaintiff's car towards Revere from his home in Cambridge. On reaching the Mystic Valley Parkway, the Plaintiff stopped at the intersection of Main Street in Medford for a traffic light. The lighting was very poor. Mahoney was stopped on the outside lane in the first line of traffic. When the light turned green, he started up, keeping on the outside lane and drove 400 or 500 yards down the road straight ahead at a speed of about 25 miles per hour. There was another car in front of him and to his right, but there was no car next to him on his right. Suddenly Mahoney saw the island 15 feet in front of him and was unable to stop the car in time to avoid striking it. He had his lights on at low beam at the time since traffic was coming from the opposite direction. The island at its front was square and made of granite. There was no sign or light on the island. The operator of the plaintiff's car was on his way to Revere Beach at the time of the accident on business of his own."

The defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.

2. The evidence does not warrant a finding that the alleged damage was proximately caused by the negligent act or omission, if any is found, of the defendant, its agents or servants.

3. The defendant breached no legal duty owed by it to the plantiff.

4. The evidence does not warrant a finding of a violation on the part of the defendant of any pertinent ordinance, statute or regulation.

5. The evidence does not warrant a finding other than that the alleged object with which the plaintiff was in collision was an open and obvious condition.

6. If the Court finds that the cause of the alleged damage was an open and obvious condition, the plaintiff cannot recover.

7. The evidence does not warrant a finding that the alleged obstruction with which the plaintiff's vehicle was in collision was a defect for which the municipality by statute would be liable.

8. The defendant's liability is no different than that of the municipality for whom it was doing the work.

The Court took the following action on the defendant's requests for rulings and at the same time made the only findings of fact that appear in the case:

"1. Denied. I find the defendant was negligent.

2. Denied. I find that the damage was caused by the defendant's negligence.

3. Denied. Failure of the defendant to properly inform the public by lights or signs was negligence.

4. Denied. There is an implied obligation on the part of the defendant to post proper warnings informing public of danger as affecting public traffic.

5. Denied.

6. Granted. And the Court finds that it was not open and obvious.

7. I find that the accident was caused by the negligence of the defendant to properly light the area in this case.

8. In this case it is. I find the defendant corporation guilty of negligence."

While it is true that under the doctrine stated in *Nash v. Lang*, 268 Mass. 407, the plaintiff in this case is not bound by any contributory negligence on the part of his son, the operator of the car at the time of the accident, yet he must sustain the burden of proving that the defendant owed him a duty and that he was negligent in the performance of that duty. This he has failed to do.

The evidence showed that the defendant had a contract with the Metropolitan District Commission,

an agency of the Commonwealth of Massachusetts, to widen the Mystic Valley Parkway in Medford, and that it had created islands in the middle to make it two lanes on each side, and that it had completed construction with respect to that part of the Parkway on which the accident occurred on May 28th, 1954, "prior to opening the road". It is clear that at the time of the accident the road had been opened to public use by the Metropolitan District Commission and that the contractor was no longer in control and owed no duty to third persons using the way. See *Glynn v. Central R.R.*, 175 Mass. 510, where Holmes, C. J. said "when a person is to be charged because of the construction or ownership of an object which causes damage by some defect, commonly the liability is held to end when the control of the object is changed". See also a leading case on this point, *Cunningham v. T. A. Gillespie Co.*, 241 Mass. 280, at 281, where the Court said "the control having ceased, the responsibility to travellers upon the highway and to third persons also ceased".

This is also the rule in other jurisdictions. See *Ringstorf v. Winston Bros. Co.*, 167 Minn. 290; *Williams v. Edward Gillen Dock, Co.*, 256 Fed. 591; *First Presbyterian Congregation v. Smith*, 163 Pa. 561; *Lydecker v. Board of Chosen Freeholders*, 91 NJL 622. There is also a very comprehensive note right in point at 13 ALR 2d 191.

The Court apparently based the liability of the defendant on its failure to furnish signs or lights at the island. However, it is common knowledge that on divided two way highways there are islands in the center and this condition is so open and obvious, in this case especially, that the defendant is under no obligation to furnish such signs or lights. See *Heaney v. Colonial Filling Stations*, 252 Mass. 339; *Brooks v. Sears, Roebuck & Co.*, 302 Mass. 184; *Flynn v. Garber*, 333 Mass. 663, 1956.

For the reasons stated the Court erred in denying defendants requests nos. 1, 2, 3, 4, 5 and 7. All the material evidence being before us, the finding for the plaintiff must be reversed and a finding entered for the defendant.

Jeremiah Sullivan, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.

*First District Court of Eastern Middlesex*