Sneed v. Lidman.

---

BETTIE SNEED *vs.* MORRIS LIDMAN & another.

Suffolk. February 6, 1961. — March 13, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Employer's liability: place of work, assumption of risk; One owning or controlling real estate; Assumption of risk; Contributory.

A finding of negligence on the part of a householder toward a domestic servant employed by him was warranted by evidence that the employee, in descending the cellar stairs, caught her foot in a tear in a rubber covering of the stairs and fell, and that the tear did not exist when her employment began; and it could not have been properly ruled that she was guilty of contributory negligence or assumed the risk of injury even though she had seen the tear before the accident.

TORT. Writ in the Superior Court dated June 11, 1956.

At the trial before *Wisnioski,* J., the judge denied a motion by the defendants for a directed verdict, and there was a verdict for the plaintiff. The defendants alleged exceptions.

*Christopher W. Sloane* & *Joseph J. Walsh,* submitted a brief, for the defendants.

*Edward M. Rowe,* for the plaintiff.

SPIEGEL, J. This is an action of tort to recover for personal injuries sustained by the plaintiff at the residence of the defendants, to which the plaintiff had come to work. Her work consisted of general house cleaning, cooking, and caring for the defendants' three children. For approximately a year prior to the accident, the plaintiff had worked

for the defendants on Wednesdays and on other occasions when she was needed.

The evidence would have warranted the jury in finding the following facts: On the day of the accident the plaintiff went to the home of the defendants to work, arriving there at about 8:30 A.M. Shortly thereafter she proceeded down the cellar stairs. Before descending the stairs she switched on the light, which was some distance from the stairs and did not fully illuminate them, and held onto the banister. On descending the stairs the plaintiff noticed golf balls and blocks on the sides of the stairs and roller skates, balls, and other objects at the foot of the stairs. When the plaintiff arrived at the third or fourth step from the bottom, she caught her heel in a tear in the "rubber carpet" which covered the stairs and fell to the floor below. After the accident the plaintiff finished her day's work. She had seen the tear in the mat on the third step before the accident. She did not inform the defendants of the tear before or after the accident.

At the close of the evidence the defendants filed a motion for a directed verdict which was denied and the defendants excepted. The jury returned a verdict for the plaintiff.

Neither party has raised any question nor does the record disclose whether the Workmen's Compensation Act is in any way applicable to the instant case. Therefore we do not discuss whether the defendants may raise the issues of contributory negligence or assumption of the risk. See G. L. c. 152, § 1 (4) (c), 1 (5), § 66, § 67. See *Roberts* v. *Reynolds,* 332 Mass. 95; *Wheatley* v. *Kaplan,* 334 Mass. 455, 456. Under either theory the result would be the same, so we treat the present case as if the Workmen's Compensation Act did not apply.

At the time of the accident the plaintiff was a servant or employee of the defendants. *Bell* v. *Sawyer,* 313 Mass. 250, 251–252. *Flynn* v. *Garber,* 333 Mass. 663, 664. The defendants owed a duty to the plaintiff, as an employee, to exercise reasonable care to have and maintain the premises in a safe condition for the use of the plaintiff but the plain-

tiff assumed the risk of the condition of the premises that was apparent from a reasonable examination. *Ryan* v. *Gray,* 316 Mass. 259, 260. *Flynn* v. *Garber,* 333 Mass. 663, 664–665. The evidence bearing on the issue of the defendants' negligence was sufficient to present a question of fact for the consideration of the jury. *DeAngelis* v. *Boston Elev. Ry.* 304 Mass. 461, 463. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–60. A verdict could not have been directed for the defendants unless it could be said that as a matter of law the plaintiff was contributorily negligent or assumed the risk.

We think it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence in attempting to descend the cellar stairs. See *McCarthy* v. *Great Atl. & Pac. Tea Co.* 292 Mass. 526, 528; *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83; *Dilworth* v. *Boston Garden-Arena Corp.* 339 Mass. 779.

It cannot be said as a matter of law that the plaintiff assumed the risks involved in descending the cellar stairs on the day of the accident. The limitation of an employer's duty to supply an employee a reasonably safe place in which to work is known as the doctrine of contractual assumption of risk. That doctrine is that an employer owes no duty to one entering his employment to change the condition of the premises which obviously existed and was apparently contemplated by the parties when the contract of services was made, and therefore that there is no negligence in not changing the condition. *Godon* v. *McClure,* 322 Mass. 1, 4. The jury could have found that the tear in the mat on the third step caused her to fall, that the tear did not exist at the beginning of the employment, and that therefore there was no contractual assumption of risk. *Bigos* v. *United Rayon Mills,* 301 Mass. 76, 80. *Winchester* v. *Solomon,* 322 Mass. 7, 10.

The defendants' motion for a directed verdict was properly denied.

*Exceptions overruled.*