ANTONIO ALVES *vs.* VIRGINIA O'SHEA. March 31, 1961. Order for judgment affirmed. This action for personal injuries was tried before an auditor whose findings of fact were not to be final. The auditor found for the plaintiff. The parties stipulated that "the facts found by the auditor are to be final and constitute a case stated; that if the facts, apart from the conclusion of negligence, warrant recovery by the plaintiff, judgment shall be entered for the plaintiff in accordance with the auditor's report, otherwise judgment shall be entered for the defendant." A judge in the Superior Court ordered judgment for the defendant. The plaintiff was a part time gardener who worked for others as well as for the defendant. While working on the defendant's premises he used the tools and equipment of the defendant. Prior to May 24, 1956, the date of the accident, both parties knew that a power mower belonging to the defendant was not operating smoothly because of a bent cutting blade; while attempting to start the power mower the plaintiff "caught his hand between the motor pulley and the belt, thereby severely damaging fingers of [his] right hand." It was not argued by the plaintiff that the defendant employed more than three persons. The defence that the employee's injury did not result from negligence or other fault of the employer is therefore available to the defendant. G. L. c. 152, §§ 1 (4) (d), 66, 67. *Roberts* v. *Reynolds,* 332 Mass. 95. The negligence, if any, of the defendant was in supplying the plaintiff with a lawn mower which the defendant knew had a bent blade. There was no evidence that the plaintiff's injury resulted from the bent blade. No causal connection was shown between the presence of the bent blade and the plaintiff's injury. There was no error.

*Paul J. Sullivan,* for the plaintiff.
*Robert W. Cornell,* for the defendant.